UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____ -Civ

**COMPLAINT**
**JURY TRIAL DEMAND**

RITA FOX,

    Plaintiff(s),

v.

DANA JAMES GAINES (Individually)
AND LUCILLE F. GAINES (Individually),

    Defendants.

_____/

## **COMPLAINT**

COMES NOW, the Plaintiff, RITA FOX (hereinafter as "Ms. Fox" or "Plaintiff"), by and through undersigned counsel, files her Complaint against the above Defendant DANA JAMES GAINES (hereinafter "Defendant D. Gaines") and LUCILLE F. GAINES (hereinafter "Defendant L. Gaines") referred to collectively as ("Defendants"), for violations of the Fair Housing Act of 1968, as amended 42 U.S.C. §§3601-3631 (FHA) and associated Florida state law claims. Plaintiff brings this legal action against Defendants to obtain redress from pervasive and persistent sexual harassment and discrimination, which created an intolerable living condition for Plaintiff and her minor child, in their home. The harassment and discrimination by Defendant D. Gaines, occurred over the course of four years, which included threats, uninvited sexual harassment, and uninvited sexual discrimination. This offensive conduct caused Plaintiff and her daughter great emotional and physical harm and deprived her of her right to fair housing, among other things. Plaintiff seeks

1

declaratory judgment, injunctive relief, and damages for harassment and discrimination in the rental of housing based on sex.

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is appropriate pursuant to 42 U.S.C. § 3613(a) and by 28 U.S.C. § 1331 and 1343(a)(3), as it involves federal questions regarding the deprivation of Plaintiff's rights under Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act), as amended by the Fair Housing Amendments Act of 1988, that prohibits discriminatory practices in the sale or rental of residential property.

2. Venue is proper under 28 U.S.C. § 1391(b) because the actions giving rise to Ms. Fox's allegations occurred in the Southern District of Florida, the Subject Property is located in the Southern District of Florida, and the Defendants reside and/or do business in the Southern District of Florida.

## PARTIES

3. Plaintiff is an individual residing in the County of Palm Beach, State of Florida.

4. Plaintiff belongs to a class of persons whom the FHA protects from unlawful discrimination because of her sex (female).

5. Defendant L. Gaines, at all times relevant to this action, has been the owner of the residential property, Rose Bush Apartments, located in Jupiter, Florida, including but not limited to 17345 Bush Road, Unit F, Jupiter, Florida 33458 ("the Subject Property").

6. This property contains more than one rental unit and is a dwelling within the meaning of 42 U.S.C. § 3602(b).

7. Defendant D. Gaines, at all times relevant to this action, was the property manager, including but not limited to the Subject Property.

8. The Defendants were subject, at all times relevant, to the anti-harassment and anti-discrimination provisions of the FHA.

## INTRODUCTION

9. The Fair Housing Act prohibits discrimination in the sale, rental or financing of a residential property based on the following protected classes: race, color, national origin, religion, sex, familial status, and disability.

10. The Fair Housing Act prohibits discrimination on the basis of sex in virtually all types of housing transactions. Sexual harassment is a form of sex discrimination, which the Fair Housing Act prohibits. Sexual harassment is the unwanted demand for sexual favors or sexual advances.

11. Any suggestions of sexual advances, requests for sexual favors, or any verbal or physical conduct of a sexual nature is a form of sexual discrimination and is illegal.

12. Most sexual harassment cases have involved rental situations in which landlords or their agents have demanded sexual favors from female tenants in exchange for some housing benefit (e.g., reduced rent, permission to pay rent late, or continuation of the tenancy).

13. Sexual harassment interferes with the tenants housing rights and creates an environment of fear, intimidation, and hostility. This behavior violates Section 804 (b), which prohibits sex discrimination in the terms, conditions, and privileges of rental of a dwelling.

14. Sexual harassment may also violate other provisions of the Act, such as Section 804(a) if the harassment results in a refusal to sell, rent, negotiate for, or otherwise make a dwelling unavailable.

15. Under the Fair Housing Act, sexual harassment is categorized in two forms: 1) Quid Pro Quo sexual harassment – sexual conduct is attached to conditions for housing or for any housing related services; and 2) Hostile environment harassment – a person is forced to engage in sexual conduct so severe that it changes the terms and conditions of residency and results in a hostile and intimidating environment.

## **GENERAL ALLEGATIONS**

16. Commencing on or about August 29, 2014, Defendant D. Gaines initiated a pervasive pattern of sexual harassment targeted at Plaintiff.

17. Defendant D. Gaines, as the property manager, conducted the day-to-day operations of the Subject Property.

18. On August 29, 2014, Plaintiff entered into a one-year lease agreement with Defendant D. Gaines to rent the Subject Property.

19. After the one-year lease ended, Plaintiff became a month-to-month tenant from August 2015 to May 31, 2018.

20. In this action, Ms. Fox, who identifies herself as a victim of sexual discrimination alleges that Defendant D. Gaines made suggestions of sexual advances and requests for sexual favors against Ms. Fox as a condition for her to obtain housing.

21. Ms. Fox, a single mother, due to facing a foreclosure eviction, contacted Defendant D. Gaines by phone in July 2014 after learning of the vacancy at the Subject Property.

22. Defendant D. Gaines returned her phone call the same day and invited Ms. Fox to stop by to apply for the unit.

23. When Ms. Fox went to apply for the unit Defendant D. Gaines opened the door and commented on Ms. Fox's looks, which made Ms. Fox feel uncomfortable.

24. At that time, Ms. Fox informed Defendant D. Gaines that she was not ready to make an immediate decision about the unit because she was considering another rental option, but it was three-hundred dollars more expensive.

25. It was at that moment Defendant D. Gaines advised Ms. Fox that he had a list of potential renters considering the unit, but he would keep the unit available for her if she would give him a kiss.

26. On or about the same day, Ms. Fox mentioned Defendant D. Gaines' request for a kiss to some of her closes persons.

27. Defendant D. Gaines was aware that the Subject Property was a good option for Ms. Fox because it was a two bedroom/1 bathroom, which was just perfect for her and her minor daughter, it was close to her job, and it was three-hundred dollars less than her other option.

28. Ms. Fox retained slight reservations in committing to the Subject Property because she was concerned with Defendant D. Gaines request for a kiss.

29. Ms. Fox waited a couple of weeks before making a decision and during that time Defendant D. Gaines called Ms. Fox maybe 3 or 4 times during the month of July.

30. On August 29, 2014, after having no better alternative, Ms. Fox signed the lease and moved in that weekend.

31. Defendant D. Gaines met Ms. Fox at the Subject Property to deliver the key and he reminded her about the kiss; that weekend they kissed.

32. From that time, August 2014 until May 31, 2018, Defendant D. Gaines engaged in a pervasive and persistent pattern of sexual harassment and discrimination towards Ms. Fox.

33. When Ms. Fox moved in she paid, first and last month's rent and security deposit totaling $2,400.00.

34. Sometime later Defendant D. Gaines informed Ms. Fox that he would help her if she would help him.

35. Defendant D. Gaines was to help Ms. Fox financially with rent.

36. Ms. Fox was to help Defendant D. Gaines by providing sexual favors.

37. Because Ms. Fox needed a place to live, with her minor child, she eventually acquiesced to Defendant D. Gaines' sexual advances and four-years of sexual encounters ensued.

38. Defendant D. Gaines provided Ms. Fox financial assistance almost every month and in turn, Ms. Fox provided sexual favors.

39. Most months Ms. Fox paid between $400.00 and $600.00 for rent while Defendant D. Gaines made up the difference.

40. There are numerous text messages where Defendant D. Gaines offered Ms. Fox money and requested sexual favors. See Exhibit A.

41. In fact, Defendant D. Gaines texted Ms. Fox stating, "I need you to get my cock up and running 100% [*sic*]".  See Exhibit B.

42. At time progressed, Defendant D. Gaines questioned Ms. Fox about her whereabouts and demanded that Ms. Fox not have male visitors to the Subject Property.  See Exhibit C.

43. Additionally, Defendant D. Gaines installed surveillance cameras, which faced towards the Subject Property and monitored Plaintiff's daily activity.

44. Ms. Fox ended the relationship in or about March 2018.

45. Thereafter, Ms. Fox desired to continue her tenancy at Subject Property, but Defendant D. Gaines, began to serve Ms. Fox with various fraudulent violation notices concerning clean up.  See attached Exhibit D.

46. Thereafter, Ms. Fox traveled to Philadelphia and when she returned home, there was a three-day notice to vacate attached to her door.

47. On or about April 6, 2018, Ms. Fox paid half of the rent with an oral agreement with Defendant D. Gaines that the remainder rent would be paid by April 14, 2018.

48. Nevertheless, on or about April 14, 2018, Defendant D. Gaines posted another notice threatening to evict Ms. Fox from the premises by noon.  See attached Exhibit E.

49. That same day, April 14, 2018, Ms. Fox tendered the remainder of April's rent payment.

50. In an act of desperation, on or about April 14, 2018, Ms. Fox informed Defendant D. Gaines' wife, Jackie Gaines, of her sexual encounters with Defendant D. Gaines.

51. Ms. Fox requested that Mrs. Gaines ask Defendant D. Gaines to stop threatening her and to allow her to pay her rent and to live peacefully in the Subject Property until she secured another place to live.

52.  On or about, April 22, 2018, Defendant D. Gaines served Ms. Fox with another fraudulent three-day notice to vacate for failure to pay, recording that the indebted about was zero dollars.  See attached Exhibit F.

53. On May 1, 2018, Defendant D. Gaines filed an eviction against Ms. Fox based on the fraudulent notice to terminate for failure to pay rent stating that she was indebted for zero dollars.  See attached Exhibit G.

54. As a result, in an effort to stop the pervasive threats of eviction, and to escape the hostile and intimidating environment, on May 2, 2018, Ms. Fox and Defendant D. Gaines entered into an agreement that she would terminate her lease and relocate.  See attached Exhibit H.

55. On May 4, 2018, Defendant D. Gaines voluntary dismissed the eviction and further threatened Ms. Fox by leaving her a note stating that if she were not out by May 31, 2018, he would reinstate the eviction.  See attached Exhibit I.

56. Defendant D. Gaines never paid Ms. Fox her security deposit, but he did write her a check for two hundred dollars that she never cashed.

57. Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs as remedies for Defendants' violations of her rights.

## LEGAL BACKGROUND

58. There are two key elements to this type of "quid pro quo" harassment case.  The first is that the tenant be subjected to an unwelcome demand or request for sexual favors by the landlord or agent. The second key element is that there must be a causal connection between this demand and the tenant's enjoyment of her dwelling.

59. "Hostile environment" harassment occurs when sexually offensive behavior interferes with the use or enjoyment of the premises.  This type of claim requires that a respondent's behavior be "sufficiently severe or pervasive" to alter the conditions of the victim's housing arrangement.  To violate the law, a respondent's conduct must be such that a reasonable person in the victim's situation would view it as not only offensive, but also as making "continued tenancy burdensome and significantly less desirable than if the harassment were not occurring."

COUNT I
VIOLATION OF THE FAIR HOUSING ACT – 42 U.S.C. § 3617

60. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-55.

61. Defendant D. Gaines' actions above constitute interference with the rights of persons in the exercise and enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged persons based upon sex in the exercise or enjoyment of rights granted or protected by the FHA, in violation of the FHA, 42 U.S.C. § 3617.

62. Defendant acted intentionally, willfully, and in disregard for the rights of Plaintiff.

63. Defendants' actions described above constitute a pattern or practice of resistance of the full enjoyment of rights granted by the FHA, in violation of 42 U.S.C. § 3614(a).

64. Plaintiff is an "aggrieved person" within the meaning of 42 U.S.C. §§ 3602(i) and 3614(d)(1)(B), and has suffered harm and damages as a result of Defendant D. Gaines' conduct.

WHEREFORE, Plaintiff RITA FOX seeks all damages available to her, as against Defendants, D. Gaines and L. Gaines, including:

    a. Compensatory damages;

    b. Punitive damages;

    c. Reasonable attorneys' fees and costs of litigation; and

    d. Enjoin Defendant Lucille F. Gaines, her agents, employees and successors, and all persons in active concert or practice with her from:

        i. Discrimination on account of sex against any person in any aspect of the rental of a dwelling;

    ii. Interfering with or threatening to take any action against any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act, as amended; and

    iii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendant D. Gaines' past unlawful practices to the position they would have been in but for the discriminatory conduct.

## COUNT II
## VIOLATION OF THE FAIR HOUSING ACT - 42 U.S.C. § 3604(b)

65. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-55.

66. 42 U.S.C. § 3604(b) makes it illegal for a landlord "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provisions of services or facilities in connection therewith, because of race, color, religion, sex, handicap, familial status, or national origin.

67. Defendant D. Gaines' actions described above constitute discrimination relating to the rental of the Subject Property.

68. Defendant D. Gaines acted intentionally, willfully, and in disregard of the rights of the Plaintiff.

69. Defendant D. Gaines discriminated against Plaintiff in the terms and/or conditions and/or privileges of the rental of the Subject Property because of Plaintiff's sex (female).

70. Plaintiff is an "aggrieved person" within the meaning of 42 U.S.C. §§ 3602(i) and 3614(d)(1)(B), and has suffered harm and damages as a result of Defendant D. Gaines' conduct.

WHEREFORE, Plaintiff RITA FOX seeks all damages available to her, as against Defendants, D. Gaines and L. Gaines, including:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorneys' fees and costs of litigation; and

d. Enjoin Defendant Lucille F. Gaines, her agents, employees and successors, and all persons in active concert or practice with her from:

   i. Discrimination on account of sex against any person in any aspect of the rental of a dwelling;

   ii. Interfering with or threatening to take any action against any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act, as amended; and

   iii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendant D. Gaines' past unlawful practices to the position they would have been in but for the discriminatory conduct.

COUNT III
VIOLATION OF THE FAIR HOUSING ACT - 42 U.S.C. § 3604(c)

71. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-55.

72. 42 U.S.C. § 3604(c) makes it illegal for a landlord "[t]o make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based

on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

73. As discussed above, Defendant made, printed, or published, or caused to be made, printed, or published a discriminatory statement and/or advertisement regarding the Subject Property.

74. Defendant acted intentionally, willfully, and in disregard for the rights of Plaintiff.

75. Defendant D. Gaines discriminated against Plaintiff in the terms and/or conditions and/or privileges of the rental of the Subject Property because of Plaintiff's sex (female).

76. Plaintiff is an "aggrieved person" within the meaning of 42 U.S.C. §§ 3602(i) and 3614(d)(1)(B), and has suffered harm and damages as a result of Defendant D. Gaines' conduct.

WHEREFORE, Plaintiff RITA FOX seeks all damages available to her, as against Defendants, D. Gaines and L. Gaines, including:

    a. Compensatory damages;

    b. Punitive damages;

    c. Reasonable attorneys' fees and costs of litigation; and

    d. Enjoin Defendant Lucille F. Gaines, her agents, employees and successors, and all persons in active concert or practice with her from:

        i. Discrimination on account of sex against any person in any aspect of the rental of a dwelling;

        ii. Interfering with or threatening to take any action against any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act, as amended; and

      iii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendant D. Gaines' past unlawful practices to the position they would have been in but for the discriminatory conduct.

COUNT IV
VIOLATION OF THE FLORIDA FAIR HOUSING ACT – §760.37, F.S.

77. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-55.

78. It is unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise of or on the account of her or his having exercised, or on account of her or his aided or encouraged any other person on the exercise, or on account of her or his aided or encouraged any other person in the exercise of any right granted under ss. 760.20-760.37. §760.37, F.S.

79. At all times relevant, Plaintiff, being female, belonged to a class of persons whom Florida Fair Housing Act protects from unlawful discrimination.

80. At all times relevant, Defendant D. Gaines was aware that Plaintiff was a female and thus belonged to a protected class of persons based upon sex.

81. Defendant D. Gaines' actions were pervasive, and intended to harass, intimidate, or coerce Plaintiff.

WHEREFORE, Plaintiff RITA FOX seeks all damages available to her, as against Defendants, D. Gaines and L. Gaines, including:

    a. Compensatory damages;

    b. Punitive damages;

    c. Reasonable attorneys' fees and costs of litigation; and

    d. Enjoin Defendant Lucille F. Gaines, her agents, employees and successors, and all persons in active concert or practice with her from:

        i. Discrimination on account of sex against any person in any aspect of the rental of a dwelling;

        ii. Interfering with or threatening to take any action against any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act, as amended; and

        iii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendant D. Gaines' past unlawful practices to the position they would have been in but for the discriminatory conduct.

## COUNT V
## VIOLATION OF THE FLORIDA FAIR HOUSING ACT – §760.23(3), F.S.

82. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-55.

83. It is unlawful to make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

84. At all times relevant, Plaintiff, being female, belonged to a class of persons whom Florida Fair Housing Act protects from unlawful discrimination.

85. Defendant did make, print, or publish, or cause to be made, printed, or published a discriminatory statement of advertisement.

86. Plaintiff personally read or heard the statement, notice, or advertisement, or inquired about the availability of the Subject Property.

87. The above referenced discussions were sent by Defendant to Plaintiff and the above-stated statements were stated orally to Plaintiff by Defendant.

88. Defendant confirmed the intent or expressed preference or limitation based on Plaintiff being in a protected class, as a female, based upon the statements made by Defendant to Plaintiff.

89. Defendant D. Gaines' actions were pervasive, and intended to harass, intimidate, or coerce Plaintiff.

WHEREFORE, Plaintiff RITA FOX seeks all damages available to her, as against Defendants, D. Gaines and L. Gaines, including:

   a. Compensatory damages;
   b. Punitive damages;
   c. Reasonable attorneys' fees and costs of litigation; and
   d. Enjoin Defendant Lucille F. Gaines, her agents, employees and successors, and all persons in active concert or practice with her from:
      i. Discrimination on account of sex against any person in any aspect of the rental of a dwelling;
      ii. Interfering with or threatening to take any action against any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act, as amended; and
      iii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendant D. Gaines' past

unlawful practices to the position they would have been in but for the discriminatory conduct.

## COUNT VI
### VIOLATION OF THE FLORIDA FAIR HOUSING ACT – §760.23(2), F.S.

90. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-55.

91. It is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provisions of services or facilities in connection therewith, because of race, color, religion, sex, handicap, familial status, or national origin. §760.23(2), F.S.

92. At all times relevant, Plaintiff, being female, belonged to a class of persons whom Florida Fair Housing Act protects from unlawful discrimination.

93. Plaintiff resided and occupied the Subject Property as her residence, with her initial lease term commencing on August 29, 2014, and terminating on May 31, 2018.

94. In or about April 2018, Defendant served Plaintiff with a third notice vacate the Subject Property.

95. At the time Defendant informed Plaintiff that she would have to vacate the Subject Property Plaintiff was current on rent.

96. At the time Defendant informed Plaintiff that she would have to vacate the Subject Property, Plaintiff was ready, willing, and able to re-new her monthly tenancy once the month had expired.

97. Plaintiff was not the Defendants only tenant and Plaintiff resided in a hostile environment.

98. Defendant D. Gaines' actions were pervasive, and intended to harass, intimidate, or coerce Plaintiff.

WHEREFORE, Plaintiff RITA FOX seeks all damages available to her, as against Defendants, D. Gaines and L. Gaines, including:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorneys' fees and costs of litigation; and

d. Enjoin Defendant Lucille F. Gaines, her agents, employees and successors, and all persons in active concert or practice with her from:

   i. Discrimination on account of sex against any person in any aspect of the rental of a dwelling;

   ii. Interfering with or threatening to take any action against any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act, as amended; and

   iii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendant D. Gaines' past unlawful practices to the position they would have been in but for the discriminatory conduct.

Dated: December 3, 2019

                                                  RESPECTFULLY SUBMITTED

                                                  ENEAMI BESTMAN, ESQUIRE
                                                  Florida Bar No.: 118571
                                                  E-mail: ebestman@legalaidpbc.org
                                                  Legal Aid Society of Palm Beach County
                                                  423 Fern Street, Suite 200
                                                  West Palm Beach, FL 33401

Telephone:  561-655-8944 Ext. 294
Facsimile: 561-655-5269
Attorneys for Plaintiff Rita Fox

/s/ Denise A. Mutamba
DENISE A. MUTAMBA, ESQ.
Florida Bar No. 111727
Email: dmutamba@legalaidpbc.org
Legal Aid Society of Palm Beach County, Inc.
423 Fern Street, Suite 200
West Palm Beach, FL 33401
Phone: 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
Facsimile: 561-822-9808
Attorneys for Plaintiff Rita Fox