## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.9:19-cv-81620-RLR

RITA FOX,
      Plaintiff(s),

v.

DANA JAMES GAINES (Individually)
AND LUCILLE F. GAINES (Individually),
      Defendants.

_____/

### SECOND AMENDED COMPLAINT

COMES NOW, the Plaintiff, RITA FOX (hereinafter as "Ms. Fox" or "Plaintiff"), by and through undersigned counsel, files her Complaint against the above Defendants DANA JAMES GAINES (hereinafter "Defendant D. Gaines") and LUCILLE F. GAINES (hereinafter "Defendant L. Gaines") referred to collectively as ("Defendants"), for violations of the Fair Housing Act of 1968, as amended 42 U.S.C. §§3601-3631 (FHA) and associated Florida state law claims. Plaintiff brings this legal action against Defendants to obtain redress from pervasive and persistent sexual harassment and discrimination, which created an intolerable living condition for Plaintiff and her minor child. The harassment and discrimination by Defendant D. Gaines, commenced in August 2014 when Ms. Fox moved into the Subject Property; however, the discriminatory actions that gave rise to this cause of action occurred between April – May 2018 when Defendant D. Gaines served upon Ms. Fox fraudulent violation notices and notices of termination for failure to pay rent. This offensive conduct caused Plaintiff and her daughter great emotional and physical harm and deprived her of her right to fair housing, among other things. Plaintiff seeks declaratory judgment,

1

injunctive relief, and damages for harassment and discrimination in the rental of housing based on sex.

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is appropriate pursuant to 42 U.S.C. § 3613(a) and by 28 U.S.C. § 1331 and 1343(a)(3), as it involves federal questions regarding the deprivation of Plaintiff's rights under Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act), as amended by the Fair Housing Amendments Act of 1988, that prohibits discriminatory practices in the sale or rental of residential property.

2. Venue is proper under 28 U.S.C. § 1391(b) because the actions giving rise to Ms. Fox's allegations occurred in the Southern District of Florida, the Subject Property is located in the Southern District of Florida, and the Defendants reside and/or do business in the Southern District of Florida.

## PARTIES

3. Plaintiff is an individual residing in the County of Palm Beach, State of Florida.

4. Plaintiff belongs to a class of persons whom the FHA protects from unlawful discrimination because of her sex (female). At all times relevant to this action, Ms. Fox lived at the Subject Property. Ms. Fox has been harmed by Defendants' discrimination against her in the terms, conditions, and privileges of the housing rental; discriminatory notices and statements with respect to the rental of her dwelling based on sex; having sexual conduct attached to her housing conditions; creation of a hostile environment; threats, intimidation, and interference with her enjoyment of a dwelling; and eviction from the subject property, all because of her sex.

5. Defendant L. Gaines, at all times relevant to this action, has been the owner of the residential property, Rose Bush Apartments, located in Jupiter, Florida, including but not limited to 17345 Bush Road, Unit F, Jupiter, Florida 33458 ("the Subject Property").

6. This property contains more than one rental unit and is a dwelling within the meaning of 42 U.S.C. § 3602(b).

7. Defendant D. Gaines, at all times relevant to this action, was the on-site property manager and he resided at the Subject Property. He was employed and authorized by Defendant L. Gaines to act on her behalf in the overall operation and maintenance of the Subject Property, including taking adverse actions against residents. Defendant D. Gaines was authorized to serve as Defendant L. Gaines' agent with responsibility for the overall operation and management of the Subject Property.

8. The Defendants were subject, at all times relevant, to the anti-harassment and anti-discrimination provisions of the FHA.

## **INTRODUCTION**

9. The Fair Housing Act prohibits discrimination in the sale, rental or financing of a residential property based on the following protected classes: race, color, national origin, religion, sex, familial status, and disability.

10. The Fair Housing Act prohibits discrimination based on sex in virtually all types of housing transactions. Sexual harassment is a form of sex discrimination, which the Fair Housing Act prohibits. Sexual harassment is the unwanted demand for sexual favors or sexual advances.

11. Any suggestions of sexual advances, requests for sexual favors, or any verbal or physical conduct of a sexual nature is a form of sexual discrimination and is illegal.

12. Most sexual harassment cases have involved rental situations in which landlords or their agents have demanded sexual favors from female tenants in exchange for some housing benefit (e.g., reduced rent, permission to pay rent late, or continuation of the tenancy).

13. Sexual harassment interferes with the tenants housing rights and creates an environment of fear, intimidation, and hostility. This behavior violates Section 804 (b), which prohibits sex discrimination in the terms, conditions, and privileges of rental of a dwelling.

14. Sexual harassment may also violate other provisions of the Act, such as Section 804(a) if the harassment results in a refusal to sell, rent, negotiate for, or otherwise make a dwelling unavailable.

15. Under the Fair Housing Act, sexual harassment is categorized in two forms: 1) Quid Pro Quo sexual harassment – sexual conduct is attached to conditions for housing or for any housing related services; and 2) Hostile environment harassment – a person is forced to engage in sexual conduct so severe that it changes the terms and conditions of residency and results in a hostile and intimidating environment.

16. There are two key elements to this type of "quid pro quo" harassment case. The first is that the tenant be subjected to an unwelcome demand or request for sexual favors by the landlord or agent. The second key element is that there must be a causal connection between this demand and the tenant's enjoyment of her dwelling.

17. "Hostile environment" harassment occurs when sexually offensive behavior interferes with the use or enjoyment of the premises. This type of claim requires that a respondent's behavior be "sufficiently severe or pervasive" to alter the conditions of the victim's

housing arrangement.  To violate the law, a respondent's conduct must be such that a reasonable person in the victim's situation would view it as not only offensive, but also as making "continued tenancy burdensome and significantly less desirable than if the harassment were not occurring."

## GENERAL ALLEGATIONS

18. Commencing on or about August 29, 2014, Defendant D. Gaines initiated a pervasive pattern of sexual harassment targeted at Plaintiff.

19. In this action, Ms. Fox, who identifies herself as a victim of sexual discrimination alleges that Defendant D. Gaines made suggestions of sexual advances and requests for sexual favors against Ms. Fox as a condition for her to maintain her housing at the Subject Property.

20. Ms. Fox, a single mother, due to facing a foreclosure eviction, contacted Defendant D. Gaines by phone in July 2014 after learning of the vacancy at the Subject Property.

21. Defendant D. Gaines returned her phone call the same day and invited Ms. Fox to stop by to apply for the unit.

22. When Ms. Fox went to apply for the unit Defendant D. Gaines opened the door and commented on Ms. Fox's looks, which made Ms. Fox feel uncomfortable.

23. At that time, Ms. Fox informed Defendant D. Gaines that she was not ready to make an immediate decision about the unit because she was considering another rental option, although the alternative option was three-hundred dollars more expensive than the Subject Property.

24. It was at that moment Defendant D. Gaines advised Ms. Fox that he had a list of potential renters considering the unit, but he would keep the unit available for her if she would give him a kiss.

25. On or about the same day, Ms. Fox mentioned Defendant D. Gaines' request for a kiss to some of her closes confidants.

26. Defendant D. Gaines was aware that the Subject Property was a good option for Ms. Fox because it was a two bedroom/1 bathroom, which was just perfect for her and her minor daughter, it was close to her job, and it was three-hundred dollars less than her other option.

27. Ms. Fox retained slight reservations in committing to the Subject Property because she was concerned with Defendant D. Gaines request for a kiss.

28. Ms. Fox waited a couple of weeks before making a decision and during that time Defendant D. Gaines called Ms. Fox maybe 3 or 4 times during the month of July.

29. On August 29, 2014, after having no better alternative, Ms. Fox entered into a one-year lease agreement with the Defendants to rent the Subject Property.

30. Defendant D. Gaines met Ms. Fox at the Subject Property on August 29, 2014, to deliver the key and he reminded her about the kiss; that day the Plaintiff kissed Defendant D. Gaines.

31. From that time, August 2014 until May 31, 2018, Defendant D. Gaines engaged in a pervasive and persistent pattern of sexual harassment and discrimination towards Ms. Fox.

32. When Ms. Fox moved into the Subject Property she paid, first and last month's rent and security deposit totaling $2,400.00.

33. Sometime later Defendant D. Gaines informed Ms. Fox that he would help her financially with her rental payment if she would help him.

34. Ms. Fox was to help Defendant D. Gaines by providing sexual favors.

35. Because Ms. Fox needed a place to live, with her minor child, she eventually acquiesced to Defendant D. Gaines' sexual advances and four-years of sexual encounters ensued.

36. As a common practice, Defendant D. Gaines often entered into monthly payment plans with the tenants located at Rose Bush Apartments.

37. Defendant D. Gaines, in exchange for sexual favors, often paid a portion of Ms. Fox's rent.

38. Ms. Fox's rent was $800.00 per month; however, most months Ms. Fox paid between $400.00 and $600.00 for rent while Defendant D. Gaines made up the difference when Ms. Fox provided sexual favors.

39. There are numerous text messages where Defendant D. Gaines offered Ms. Fox money and requested sexual favors. See Exhibit A.

40. In fact, Defendant D. Gaines texted Ms. Fox stating, "I need you to get my cock up and running 100% [*sic*]". See Exhibit B.

41. As time progressed, Defendant D. Gaines questioned Ms. Fox about her whereabouts and demanded that Ms. Fox not have male visitors to the Subject Property.

42. Additionally, Defendant D. Gaines installed surveillance cameras, which faced towards the Subject Property and monitored Plaintiff's daily activity.

43. Ms. Fox, desiring to put a stop to Defendant D. Gaines' controlling and harassing behavior; ended the relationship in or about March 30, 2018; notwithstanding the Defendant's offer of money and request to spend time with her. See Exhibit C.

44. Nevertheless, because Ms. Fox could not afford another place to live she was ready, willing and able to maintain her tenancy at the Subject Property, but Defendant D. Gaines began to serve Ms. Fox with various fraudulent violation notices concerning cleanup and other violations.  See Exhibit D.

45. During this time, Ms. Fox traveled to Philadelphia and when she returned home, there was a three-day notice to vacate attached to her door.

46. On or about April 6, 2018, as usual, Ms. Fox paid $500 towards rent payment, but since she was no longer providing sexual favors to Defendant D. Gaines, she made an oral agreement with Defendant D. Gaines to pay the remainder of the rental payment by April 14, 2018. See Exhibit E.

47. On or about April 14, 2018, as agreed, Ms. Fox tendered the remainder of April's rent payment, of $445 to Defendant D. Gaines. See Exhibit F.

48. Despite the agreement, on or about April 14, 2018, Defendant D. Gaines posted another notice threatening to evict Ms. Fox from the premises by noon.  See Exhibit G.

49. Because of the harassment and discrimination Ms. Fox experienced, on or about April 14, 2018, Ms. Fox informed Defendant D. Gaines' wife, Jackie Gaines, of her sexual encounters with Defendant D. Gaines and requested that Jackie Gaines ask Defendant D. Gaines to stop threatening her and to allow her to pay her rent and to live peacefully in the Subject Property until she secured another place to live.

50. On or about, April 22, 2018, Defendant D. Gaines served Ms. Fox with another fraudulent three-day notice to vacate for failure to pay, recording that the indebted about was zero dollars. See Exhibit H.

51. On May 1, 2018, Defendant D. Gaines filed an eviction against Ms. Fox based on the fraudulent notice to terminate for failure to pay April's rent stating that she was indebted to him for zero dollars. See Exhibit I.

52. As a result of the harassment and discrimination, and in an effort to stop the pervasive threats of eviction, and to escape the hostile and intimidating environment, on May 2, 2018, Ms. Fox and Defendant D. Gaines entered into an agreement that she would terminate her lease and relocate. See Exhibit J.

53. On May 4, 2018, Defendant D. Gaines voluntary dismissed the eviction and further threatened Ms. Fox by leaving her a note stating that if she were not out by May 31, 2018, he would reinstate the eviction. See Exhibit K.

54. Additionally, on May 4, 2018, when Ms. Fox returned home, as she was entering her apartment, Defendant D. Gaines started an argument with Ms. Fox by yelling at her and calling her vulgar names such as, "prostitute, and other sexual demeaning names." Ms. Fox called the police and made a report. See Exhibit L.

55. On or about May 30, 2018, Ms. Fox scheduled a walkthrough inspection of the Subject Property with Defendant D. Gaines.

56. On or about May 31, 2018, the day of the walkthrough inspection Defendant D. Gaines, had police present and tried to have Ms. Fox arrested for trespassing. Ms. Fox explained to the police that she still had possession of the Subject Property until midnight and that she was on the property for her scheduled walkthrough inspection with Defendant D. Gaines.

57. Ms. Fox fixed and removed all of Defendant D. Gaines' alleged complaints and she asked him if he was satisfied with the condition of the apartment and when could she expect her

deposit back. Defendant D. Gaines replied that Defendant L. Gaines needed to walkthrough to inspect the Subject Property before he could advise her.

58. Defendant D. Gaines never paid Ms. Fox her security deposit, but he did write her a check for two hundred dollars, which she never cashed.

59. As a result of the harassment and discrimination Ms. Fox and her daughter experienced tremendous anxiety and fear. Ms., Fox felt unsafe and unwelcomed in her own home. She worried every time she left home and returned.

60. Ms. Fox was subject to quid pro quo sexual harassment for the length of her tenancy; however, for the two months following the termination of the relationship, she was subjected retaliation and to a pattern of severe and pervasive written threats, intimidation, and interference of her tenancy because of her sex. This created a hostile environment that unreasonably interfered with Ms. Fox's right to use and enjoy her home.

61. Defendant D. Gaines discriminated against Ms. Fox in the terms, conditions, and privileges of renting the Subject Property, deprived her of the right to inhabit the premises she rented, and discriminated against her in the provision of services or facilities in connection with renting a place to live at the Subject Property.

62. Ms. Fox was subject to this severe and pervasive harassment because she no longer acquiesced to the quid pro quo relationship with Defendant D. Gaines. Ms. Fox would not have been subjected to this hostile environment if she never ended the relationship with Defendant D. Gaines.

63. Ms. Fox was subject to this retaliation because she no longer acquiesced to the quid pro quo relationship with Defendant D. Gaines. But for Ms. Fox ending the relationship with Defendant D. Gaines she would not have been evicted.

64. Defendant D. Gaines, acting within the scope of his authority as employee and/or agent of Defendant L. Gaines, used his position as the residential property manager, who resided in the Subject Property, to subject Ms. Fox to extensive unwelcome harassment because of her sex and the harassment was sufficiently severe and pervasive as to create a hostile environment. Defendant D. Gaines coerced, intimidated, threatened and interfered with Ms. Fox's exercise and enjoyment of her housing rights.

65. Defendants owed Ms. Fox a duty to ensure her equal housing opportunity free from discrimination on the base of sex under the FHA and Florida State laws both of which make it unlawful to discriminate in making housing unavailable, in the terms, conditions, and privileges. Defendant D. Gaines engaged in these discriminatory practices with malice or reckless indifference to the federally protected rights of Ms. Fox.

66. In response to Defendant's acts of sexual harassment in evicting Ms. Fox, on June 18, 2018, Plaintiff filed a housing discrimination complaint with the U.S. Department of Housing and Urban Development (HUD) against Lucille F. Gaines and Dana J. Gaines alleging defendants were responsible for engaging in discriminatory terms, conditions, privileges, or services and facilities; otherwise denied housing or made housing unavailable; and discriminatory acts under Section 818 (coercion, etc.).

67. Plaintiff engaged in conciliation and all conditions precedent have been met.

68. Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs as remedies for Defendants' violations of her rights.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR HOUSING ACT – 42 U.S.C. § 3617

69. Plaintiff realleges and incorporates herein by reference all allegations contained in paragraphs 1-68 as if set forth fully herein.

70. Pursuant to 42 U.S.C. § 3617, the FHA prohibits a person from "coerc[ing], intimidat[ing], threaten[ing], or interfer[ing] with any person in the exercise or enjoyment of, [. . .] any right granted or protected by section 3603, 3604, 3605, or 3606[. . . .]"

71. Defendants violated the FHA, 42 U.S.C. § 3617, by interfering with Plaintiff's exercise of her rights under sections 3604(b)-(c) based on Plaintiff's sex.

72. Defendant D. Gaines acted within the scope of his authority as employee and/or agent of Defendant L. Gaines

73. Defendant L. Gaines violated the FHA, 42 U.S.C. § 3617, by failing to fulfill her duty to take prompt action to correct and end the sex-based harassment suffered by Ms. Fox at the hands of Defendant D. Gaines.

74. Defendant D. Gaines acted intentionally, willfully, and in disregard for the rights of Plaintiff, and constituted a discriminatory housing practice, as defined in 42 U.S.C. § 3602(f).

75. Ms. Fox and her daughter are "aggrieved person" within the meaning of 42 U.S.C. §§ 3602(i).

76. Plaintiff has suffered harm and damages as a result of Defendant D. Gaines' conduct.

WHEREFORE, Plaintiff RITA FOX seeks all damages available to her, as against Defendants, D. Gaines and L. Gaines, under 42 U.S. Code § 3613(c), including:

12

a.  Compensatory damages;

b.  Punitive damages;

c.  Reasonable attorneys' fees and costs of litigation; and

d.  Enjoin Defendant Lucille F. Gaines, her agents, employees and successors, and all persons in active concert or practice with her from:

    i.  Discrimination on account of sex against any person in any aspect of the rental of a dwelling;

    ii.  Interfering with or threatening to take any action against any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act, as amended; and

    iii.  Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendant D. Gaines' past unlawful practices to the position they would have been in but for the discriminatory conduct.

COUNT II

<u>VIOLATION OF THE FAIR HOUSING ACT - 42 U.S.C. § 3604(b)</u>

77. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-68.

78. 42 U.S.C. § 3604(b) makes it illegal for a landlord "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provisions of services or facilities in connection therewith, because [. . .] sex [. . . .]"

79. Defendant D. Gaines engaged in unlawful sex discrimination in violation of the FHA, 42 U.S.C. § 3604(b) when he discriminated against Plaintiff in the terms and/or conditions and/or privileges of the rental of the Subject Property because of Plaintiff's sex (female).

13

80. Defendant D. Gaines violated the FHA, 42 U.S.C. § 3604(b), by taking adverse action when he retaliated against Ms. Fox by terminating her tenancy once she ended the quid pro quo relationship.

81. Defendant L. Gaines violated the FHA, 42 U.S.C. § 3604(b), by failing to fulfill her duty to take prompt action to correct and end the sex-based harassment suffered by Ms. Fox at the hands of Defendant D. Gaines.

82. Defendant D. Gaines acted within the scope of his authority as employee and/or agent of Defendant L. Gaines.

83. Defendant D. Gaines acted intentionally, willfully, and in disregard of the rights of the Plaintiff.

84. Ms. Fox and her daughter are "aggrieved person" within the meaning of 42 U.S.C. §§ 3602(i).

85. Plaintiff has suffered harm and damages as a result of Defendant D. Gaines' conduct.

WHEREFORE, Plaintiff RITA FOX seeks all damages available to her, as against Defendants, D. Gaines and L. Gaines, 42 U.S. Code § 3613(c), including:

    a. Compensatory damages;

    b. Punitive damages;

    c. Reasonable attorneys' fees and costs of litigation; and

    d. Enjoin Defendant Lucille F. Gaines, her agents, employees and successors, and all persons in active concert or practice with her from:

        i. Discrimination on account of sex against any person in any aspect of the rental of a dwelling;

14

    ii.  Interfering with or threatening to take any action against any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act, as amended; and

    iii.  Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendant D. Gaines' past unlawful practices to the position they would have been in but for the discriminatory conduct.

COUNT III
VIOLATION OF THE FAIR HOUSING ACT - 42 U.S.C. § 3604(c)

86. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-68.

87. 42 U.S.C. § 3604(c) makes it illegal for a landlord "[t]o make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

88. As discussed above, Defendant made, printed, or published, or caused to be made, printed, or published a discriminatory statement directed to Plaintiff in fabricating notices of violations, and filing a false eviction complaint.

89. Defendant acted intentionally, willfully, and in disregard for the rights of Plaintiff.

90. Defendant D. Gaines acted within the scope of his authority as employee and/or agent of Defendant L. Gaines.

91. Defendant L. Gaines violated the FHA, 42 U.S.C. § 3604(c), by failing to fulfill her duty to take prompt action to correct and end the sex-based harassment suffered by Ms. Fox at the hands of Defendant D. Gaines.

92. Ms. Fox and her daughter are "aggrieved person" within the meaning of 42 U.S.C. §§ 3602(i).

93. Plaintiff has suffered harm and damages as a result of Defendant D. Gaines' conduct.

WHEREFORE, Plaintiff RITA FOX seeks all damages available to her, as against Defendants, D. Gaines and L. Gaines, 42 U.S. Code § 3613(c), including:

    a.  Compensatory damages;

    b.  Punitive damages;

    c.  Reasonable attorneys' fees and costs of litigation; and

    d.  Enjoin Defendant Lucille F. Gaines, her agents, employees and successors, and all persons in active concert or practice with her from:

        i.  Discrimination on account of sex against any person in any aspect of the rental of a dwelling;

        ii.  Interfering with or threatening to take any action against any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act, as amended; and

        iii.  Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendant D. Gaines' past unlawful practices to the position they would have been in but for the discriminatory conduct.

## COUNT IV
### VIOLATION OF THE FLORIDA FAIR HOUSING ACT – §760.37, F.S.

94. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-68.

95. It is unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise of or on the account of her or his having exercised, or on account of her or his aided or encouraged any other person on the exercise, or on account of her or his aided or encouraged any other person in the exercise of any right granted under ss. 760.20-760.37. §760.37, F.S.

96. At all times relevant, Plaintiff, being female, belonged to a class of persons whom Florida Fair Housing Act protects from unlawful discrimination.

97. At all times relevant, Defendant D. Gaines was aware that Plaintiff was a female and thus belonged to a protected class of persons based upon sex.

98. Defendant D. Gaines' actions of serving Plaintiff with numerous fraudulent violation notices and an eviction action was pervasive, and intended to harass, intimidate, or coerce Plaintiff.

WHEREFORE, Plaintiff RITA FOX seeks all damages available to her, as against Defendants, D. Gaines and L. Gaines, including:

    a.  Compensatory damages;

    b.  Punitive damages;

    c.  Reasonable attorneys' fees and costs of litigation; and

    d.  Enjoin Defendant Lucille F. Gaines, her agents, employees and successors, and all persons in active concert or practice with her from:

        i.  Discrimination on account of sex against any person in any aspect of the rental of a dwelling;

    ii.   Interfering with or threatening to take any action against any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act, as amended; and

   iii.   Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendant D. Gaines' past unlawful practices to the position they would have been in but for the discriminatory conduct.

## COUNT V
### VIOLATION OF THE FLORIDA FAIR HOUSING ACT – §760.23(3), F.S.

99. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-68.

100.    It is unlawful to make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

101.    At all times relevant, Plaintiff, being female, belonged to a class of persons whom Florida Fair Housing Act protects from unlawful discrimination.

102.    Defendant did make, print, or publish, or cause to be made, printed, or published a discriminatory statement directed to Plaintiff by serving Plaintiff with various fraudulent notices of violation and an eviction complaint.

103.    Plaintiff personally read the statements and notices concerning her tenancy at the Subject Property.

104.    The above referenced discussions were sent by Defendant D. Gaines to Ms. Fox and the above-stated statements were stated orally to Plaintiff by Defendant D. Gaines.

105.    Defendant confirmed the intent or expressed preference or limitation based on Plaintiff being in a protected class, as a female, based upon the statements made by Defendant to Plaintiff.

106.    Defendant D. Gaines' actions were pervasive, and intended to harass, intimidate, or coerce Plaintiff. Further, Defendant D. Gaines acted intentionally, willfully, and in disregard of the rights of the Plaintiff.

WHEREFORE, Plaintiff RITA FOX seeks all damages available to her, as against Defendants, D. Gaines and L. Gaines, including:

a.  Compensatory damages;

b.  Punitive damages;

c.  Reasonable attorneys' fees and costs of litigation; and

d.  Enjoin Defendant Lucille F. Gaines, her agents, employees and successors, and all persons in active concert or practice with her from:

    i.  Discrimination on account of sex against any person in any aspect of the rental of a dwelling;

    ii.  Interfering with or threatening to take any action against any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act, as amended; and

    iii.  Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendant D. Gaines' past

unlawful practices to the position they would have been in but for the discriminatory conduct.

COUNT VI
VIOLATION OF THE FLORIDA FAIR HOUSING ACT – §760.23(2), F.S.

107.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-68.

108.    It is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provisions of services or facilities in connection therewith, because of race, color, religion, sex, handicap, familial status, or national origin. §760.23(2), F.S.

109.    At all times relevant, Plaintiff, being female, belonged to a class of persons whom Florida Fair Housing Act protects from unlawful discrimination.

110.    Plaintiff resided and occupied the Subject Property as her residence, with her initial lease term commencing on August 29, 2014, and terminating on May 31, 2018.

111.    In or about April 2018, Defendant served Plaintiff with a third notice vacate the Subject Property.

112.    At the time Defendant informed Plaintiff that she would have to vacate the Subject Property Plaintiff was current on rent.

113.    At the time Defendant informed Plaintiff that she would have to vacate the Subject Property, Plaintiff was ready, willing, and able to re-new her monthly tenancy once the month had expired.

114.    Plaintiff was not the Defendants only tenant and Plaintiff resided in a hostile environment.

20

115.     Defendant D. Gaines' actions were pervasive, and intended to harass, intimidate, or coerce Plaintiff.

WHEREFORE, Plaintiff RITA FOX seeks all damages available to her, as against Defendants, D. Gaines and L. Gaines, including:

    a.   Compensatory damages;

    b.   Punitive damages;

    c.   Reasonable attorneys' fees and costs of litigation; and

    d.   Enjoin Defendant Lucille F. Gaines, her agents, employees and successors, and all persons in active concert or practice with her from:

        i.   Discrimination on account of sex against any person in any aspect of the rental of a dwelling;

        ii.   Interfering with or threatening to take any action against any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act, as amended; and

        iii.   Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendant D. Gaines' past unlawful practices to the position they would have been in but for the discriminatory conduct.

## CERTIFICATE OF SERVICE

I, Eneami Bestman, certify that I served a copy of the foregoing Second Amended Complaint to counsel for Defendants via CM/ECF on this 13th day of March 2020 c/o Gary Brookmyer, Esq., Brookmyer, Hochman, Probst & Jonas, P.A., Gardens Plaza, Suite 500, 3300 PGA Blvd., Palm Beach Gardens, FL 33410; gary@brookmyerlaw.com and gbrookmyer_eservice@yahoo.com.

RESPECTFULLY SUBMITTED,

/s/ Eneami Bestman

**ENEAMI BESTMAN, ESQ.**
Florida Bar No. 118571
Email: ebestman@legalaidpbc.org

**TEQUISHA Y. MYLES, ESQ.**
Florida Bar No. 676551
Email: tmyles@legalaidpbc.org
Legal Aid Society of Palm Beach County, Inc.
423 Fern Street, #200
West Palm Beach, FL 33401
Phone: 561-655-8944
Fax: 561-655-5269