UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-81620-RLR

RITA FOX,

    Plaintiff,
v.

DANA JAMES GAINES (individually)
and LUCILLE F. GAINES (individually),

    Defendants.
_____/

## LUCILLE F. GAINES' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND/OR FOR BETTER STATEMENT

COMES NOW LUCILLE F. GAINES and moves this Court for the entry of an Order dismissing the Second Amended Complaint and/or requiring a better statement of the claims and as grounds therefore alleges that:

1.    This is an action based upon certain alleged misconduct committed by Dana James Gaines. Mr. Gaines was the property manager for real estate owned by Lucille Gaines and at which Plaintiff rented an apartment. There are no allegations in the pleading to support the imposition of liability on Lucille F. Gaines other than the claim that she is the owner of the subject real estate. Based on a theory of vicarious liability, the Plaintiff seeks to impose liability on Lucille F. Gaines because of the actions of the property manager and with no independent wrongdoing on the part of Lucille F. Gaines being alleged. The mere relationship between the Defendants, that of owner/property manager, is not a sufficient basis upon which to impose liability.

Plaintiff takes issue with this statement of the law and has previously responded in this litigation that 24 CFR §100.7(b) provides for what is essentially strict liability on the part of the

Fox v. Gaines
Case No.: 19-cv-81620-RLR
Lucille F. Gaines' Motion To Dismiss Second Amended Complaint

principal for whom the agent works. Together with 24 CFR §100.7(b), Plaintiff cites to Northside Realty Associates, Inc. v. U.S., 605 F.2d 1348, 1353-1354 (5th Cir. 1979). Contrary to Plaintiff's position, HUD has itself stated that 24 CFR §100.7 adopted "well-established principles of agency law" and it did not "add any new forms of liability ... or create obligations that do not otherwise exist." Godbole v. Ries, 15 C 5191 (N.D. Ill 2017) citing 81 FR 63072-63068. For ease of reference, a true and correct copy of this opinion is attached hereto as Exhibit "A". While the Plaintiff asserts that Northside Realty Associates, Inc. supra, supports individual liability being imposed upon Lucille Gaines simply because of her ownership of the subject property and her being the principal for whom the agent is employed, this case actually stands for a different proposition. In Northside Realty, there was clear and convincing evidence that the principal (Northside) and its individual agents *both* engaged in racially discriminatory conduct. The unchallenged findings in that case were that the corporate officers and the brokers were engaging in discriminatory conduct. It was determined that the corporation exercised significant control over the activities of the sales agents and that the corporate managers gave advice and may have even directed the discriminatory conduct of the sales agents. As such, the sales agents' discriminatory actions could properly be imputed to the corporate defendant. None of these underlying premises or bases for liability are asserted against Lucille Gaines.

In order to establish an employer's vicarious liability for an employee's willful and wanton misconduct, the plaintiff must prove some independent fault on the part of the employer which foreseeably contributed to the plaintiff's injury. Winn Dixie Stores, Inc. v. Harris, 620 So.2d 1032 (Fla. 1st DCA 1993) citing Mercury Motors Express, Inc. v. Smith, 393 So.2d 545, 547 (Fla. 1981).

The commission of torts, such as sexual assaults and batteries, by employees are held to be outside the scope of an employee's employment and, therefore, insufficient to impose vicarious liability on the employer. Agriturf Management, Inc. v. Roe, 656 So.2d 954 (Fla. 2d DCA 1995). The general rule is that an employer cannot be held liable for the tortious or criminal acts of an employee, unless they were committed during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer. Goss v. Human Servs. Assocs., Inc., 79 So.3d 127 (Fla. 5th DCA 2012).

The question of whether an employee is acting within the course and scope of employment, where the facts are not in dispute, is one of law. Id. at 132. The conduct of an employee is considered to be within the course and scope of employment when it (1) is of the kind the employee is hired to perform, (2) occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) is activated at least in part by a purpose to serve the master. Id. Inappropriate and proscribed conduct, such as sexual assaults and batteries, are outside the scope of an employee's employment and, therefore, insufficient to impose vicarious liability on the employer. Id. See also G4S Secure Solutions USA, Inc. v. Golzar, 208 So.3d 204 (Fla. 3d DCA 2016). The master's liability does not arise when a servant steps aside from his employment to commit a tort or does a wrongful act to accomplish some purpose of his own. If the tort is activated by a purpose to serve the master or principal, then he is liable. Otherwise he is not. Winn Dixie Stores, Inc. v. Akin, 533 So.2d 829 (Fla. 4th DCA 1988).

It is clear that no cause of action has been sufficiently plead against Lucille F. Gaines for the alleged wrongful conduct of Mr. Gaines. The Second Amended Complaint fails to state a claim upon

Fox v. Gaines
Case No.: 19-cv-81620-RLR
Lucille F. Gaines' Motion To Dismiss Second Amended Complaint

which relief may be granted as to Lucille Gaines.

2.      While paragraph 73 of the Second Amended Complaint alleges that Lucille Gaines violated 42 U.S.C. §3617 by failing to fulfill an alleged duty to take prompt action to correct and end the sex-based harassment allegedly suffered by Ms. Fox, there are no allegations that Lucille Gaines ever knew about the alleged sex-based harassment such that action could have been taken. Without such knowledge being alleged, there are simply no predicate facts pled upon which Ms. Lucille Gaines could have breached an obligation to take action. Nor is there any allegation as to why or how this alleged obligation arises.

3.      Count I of the Second Amended Complaint attempts to state a claim upon which relief may be granted under 42 U.S.C. §3617. This statute makes it unlawful for one to coerce, intimidate, threaten, or interfere with any person in the exercise and enjoyment, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by §3603, §3604, §3605, or §3606 of this title. Count I alleges that Plaintiff is proceeding upon an alleged violation of 42 U.S.C. §3604(b)-(c). 42 U.S.C. §3604(b) makes it unlawful "to discriminate against any person in the terms, conditions or privileges of ... rental of a dwelling ... because of ... sex ...." 42 U.S.C. §3604(c) makes it unlawful "to make, print or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the ... rental of dwelling that indicates any preference, limitation or discrimination based on ... sex ...."

Plaintiff's pleading relies upon a mere formulaic recitation of the elements of the claim without taking into consideration that the underlying predicate facts alleged by the Plaintiff negate

Fox v. Gaines
Case No.: 19-cv-81620-RLR
Lucille F. Gaines' Motion To Dismiss Second Amended Complaint

same. §3617 extends only to discriminatory conduct that is so pervasive that it will have the effect of causing a protected person to abandon the exercise of his or her housing rights. Noah v. Assor, 375 F.Supp. 3d 1284 (S.D. Fla. 2019). In order for one to state a claim for "interference" under §3617, the plaintiff must plead factual matters that, if true, demonstrates that the defendant *interfered* with rights under the Fair Housing Act. Id. at 1289. Unlike earlier drafts of the Complaint, this latest pleading states that the alleged misconduct being complained of is limited to alleged actions that occurred between April and May of 2018. The prefatory clause of the pleading states: "...however, the discriminatory actions that gave rise to this cause of action occurred between April-May 2018 when Defendant D. Gaines served upon Ms. Fox fraudulent violation notices and notices of termination for failure to pay rent." However, the amended pleading goes into lengthy detail about alleged actions and conduct that *preceded* the April-May 2018 time-frame and the various causes of action fail to reflect that they relate solely to this latter time period. By realleging and incorporating all of the preceding allegations of the pleading but *not* realleging and incorporating the limited time-period referenced in the prefatory unnumbered paragraph of the pleading, and then making very general assertions that Defendants are being sued for violating various statutes by interfering with Plaintiff's exercise of her rights (e.g. paragraphs 71, 78, 95 of the Second Amended Complaint) it is unclear what the exact claims are. Are the Defendants being sued only for events that allegedly transpired between April and May of 2018 or are they being sued for all prior alleged conduct, as well? For example, paragraph 79 of the pleading makes broad sweeping allegations about unlawful discrimination related to the terms, conditions and privileges of renting and paragraph 80 refers to the alleged retaliatory conduct that occurred between April and May 2018. By separating

Fox v. Gaines
Case No.: 19-cv-81620-RLR
Lucille F. Gaines' Motion To Dismiss Second Amended Complaint

these two issues, it appears that despite the earlier representation that the only activities being sued upon occurred between April and May of 2018, that the Plaintiff may actually be raising events that occurred outside of this two month period as bases for her claims. Defendants ought not be required to guess as to exactly what is being sued upon. They have a right to be apprised and put on notice of what the claims are. The events preceding April-May 2018 may be provided by Plaintiff solely for purposes of background and context but it is unclear from the pleading.

Plaintiff concedes in her pleading that whatever actions or conduct were allegedly engaged in by Mr. Gaines prior to April-May 2018, did not interfere with her rights. She not only rented the subject unit but then lived at the same location for the next four (4) years during all of which time, starting from the day that she moved in till about March 30th, was spent engaged in a consensual sexual relationship with Mr. Gaines (a married man living with his wife at the same complex). As a result, Plaintiff has not alleged a discriminatory affect nor that Mr. Gaines' alleged discrimination affected the availability of housing. Robinson v. Section 23 Prop. Owner's Ass'n, Inc., Case No. 2:12-cv-675-FtM-29CM (M.D. Fla. 2014). If Count I is limited to the actions allegedly taken around April-May 2018 intended to cause Plaintiff to vacate the premises or be evicted from same, then paragraph 71 needs to be amended to clarify same.

3.      Count I alleges that Plaintiff's rights under 42 U.S.C. §3604(c) were interfered with and that this is a basis for an action under 42 CFR §3617. The former statute is the substantial equivalent of Florida Statute §760.23(3). It has been recognized that the Florida Fair Housing Act contains statutory provisions that are substantively identical to the federal Fair Housing Act and the Courts have recognized that they are to be construed consistently with one another. Noah v. Assor,

supra at 1295. In order for there to be a cause of action stated under §3604(c), the plaintiff must allege factual matters showing: (1) that the defendant made a statement; (2) that the statement was made with respect to the rental of the dwelling; and (3) the statement *indicated* a preference, limitation or discrimination on the basis of a protected class. (emphasis added). Id. at 1296.

Count I of the Second Amended Complaint fails to state a claim upon which relief can be granted under §3604(c) because the purported printings, publications, notices and/or statements allegedly made by Mr. Gaines contained no indication whatsoever of any preference, limitation or discrimination on the basis of a protected class and, therefore, did not violate the statute. It should be noted that due to the Plaintiff's formulaic recitation of the elements of the cause of action, Count I fails to contain any allegation as to exactly what printings, publications, statements and/or notices provided by the Defendants allegedly indicated a preference of any particular nature. See Cross v. HFLP-Dolphin Beach, LLCI, Case No.:15CV2506-MMA (S.D. Cal. 2016)(to make out a claim for a violation of §3604(c), a plaintiff must show a statement would suggest a discriminatory preference to an ordinary listener).

There is no allegation that Mr. Gaines printed, published, or caused to be made, printed or published any kind of notice, statement or advertisement with respect to the rental of this unit that indicated a preference based on sex. The Second Amended Complaint does not assert that Mr. Gaines indicated to the Plaintiff that the renting of this unit to her was conditioned upon her engaging in sexual relationship with him. Nor is there any allegation that her being allowed to continue to reside at the subject premises after the parties' relationship had ended depended upon continuing the relationship between the parties. If Count I is not dismissed, with respect to these

particular allegations relating to §3604(c), a more definitive statement of Plaintiff's claim should be required to be made.

4. Count II is action for an alleged violation of 42 U.S.C. §3604(b). This Count fails to state a cause of action upon which relief can be grated against Lucille Gaines. This Count is predicated upon the allegation that Lucille Gaines failed to fulfill an alleged duty to take prompt action to correct and end the sex-based harassment allegedly suffered by Ms. Fox. There are no allegations or facts pled to indicate that Lucille Gaines had any knowledge whatsoever concerning the purported actions of Dana Gaines. Without knowledge of such conduct, Lucille Gaines had no legal obligation owing to Plaintiff to correct conduct of which she was wholly unaware. In addition, Plaintiff asserts no law or facts that would support the existence of such an obligation or where this duty allegedly arose from.

5. There is no allegation that Plaintiff was forced into moving from the unit as a result of Mr. Gaines trying to coerce her into continuing the sexual relationship. There are no allegations in the Second Amended Complaint that the attempts to have Ms. Fox vacate the premises or be evicted therefrom were related to a demand or request for any continued sexual relationship. In order to analyze a hostile environment harassment one must look at the totality of the circumstances which includes, but is not limited to, the nature of the conduct, the context in which the incident occurred, the severity, scope, frequency, duration, and location of the conduct, and relationships of the persons involved. Noah v. Assor, supra at 1290. The desire, if any, to have Ms. Fox remove herself from the apartment complex was predicated on the fact that on April 1st Ms. Fox failed to pay her rent ("as usual" according to paragraph 46 of the pleading). She then missed the second payment of the

balance of the rent as evidenced by Exhibit "D" to the pleading and paid same after receiving the demand notice for same. After Ms. Fox confronted Dana Gaines' wife (Jackie Gaines) on April 14th and advised her that she and Mr. Gaines had been involved in a sexual relationship, she was served with an eviction notice of May 1st. (See paragraph 49 of the pleading). As paragraph 7 of the Second Amended Complaint notes, Mr. Gaines and his wife live at the same apartment complex at which Ms. Fox was renting a unit. After advising Jackie Gaines that she had been engaged for four years in a sexual relationship with Mr. Gaines, one can well imagine that Mr. Gaines and Mrs. Gaines would prefer Ms. Fox not live there further. Exhibit H to the pleading indicates that the landlord did not want rent from Ms. Fox but wanted her to vacate the premises which, under these circumstances (continued inability to pay the rent, close proximity to Mr. and Mrs. Gaines), was understandable if not expected. The Second Amended Complaint is devoid of any allegation whatsoever to the effect that Mr. Gaines said or did anything to indicate that the alleged desire to have Ms. Fox no longer reside at the subject property was associated with a desire to have a continuing relationship with her. In fact, the allegations of the Second Amended Complaint indicate that if there was any desire to have Ms. Fox no longer live at the subject premises, such was related to Ms. Fox's having told Jackie Gaines about the illicit relationship that Ms. Fox had engaged in with Mrs. Gaine's husband.

A plausibility standard applies to the elements of a claim- that is, the plaintiff must plead "sufficient factual material" to make her claim "plausible on its face". <u>Noah v. Assor</u>, supra at 1298. In this instance, given the facts pled by the Plaintiff, her claim that her lease was not being renewed because of sexual discrimination simply is not plausible on its face.

      6.      Count III attempts to assert a claim against Lucille Gaines for failing to fulfill her duty

Fox v. Gaines
Case No.: 19-cv-81620-RLR
Lucille F. Gaines' Motion To Dismiss Second Amended Complaint

to take prompt action. There are no allegations or facts pled to indicate that Lucille Gaines had any knowledge whatsoever concerning the purported actions of Dana Gaines. Without such knowledge of such conduct, Lucille Gaines had no legal obligation owing to Plaintiff to correct conduct of which she was wholly unaware. In addition, Plaintiff asserts no law or facts that would support the existence of such an obligation or where this duty allegedly arose from.

7.  This Court lacks subject matter jurisdiction over all of the causes of action based on the Florida statutes (Counts IV, V and VI) because the Plaintiff has failed to allege and/or establish that the required statutory conciliation process was engaged in by the claimant involving the Florida Commission on Human Relations. (**There is no statutory provision allowing for the claim to be processed by any other agency as a condition precedent to the maintaining of the suit**). This is a condition precedent to the filing of a civil action under the statute and the failure to comply with same results in a lack of subject matter jurisdiction. Housing Opportunities Project v. SPV Realty, LC, 212 So.3d 419 (Fla. 3d DCA 2016).

8.  Count IV fails to state a claim upon which relief can be granted. Florida Statute §760.37) is the Florida equivalent of 42 U.S.C. §3617 and is substantially identical in wording. To state an interference claim, Plaintiff must allege: (1) Defendant interfered; (2) with; (a) Plaintiff's exercise of a right under the statutory fair housing provisions; (b) Plaintiff's enjoyment of a housing right after exercise of that right; or (c) Plaintiff's aid or encouragement to a protected person to exercise or enjoy a housing right; (3) because of discriminatory animus. Noah v. Assor, 379 F.Supp.3d 1284 (S.D. Fla. 2019). Plaintiff must plead factual matters that, if true, demonstrates Defendant interfered with rights under the Fair Housing Act. Id. at 1289. The prohibition extends

only to discriminatory conduct that is so severe or pervasive that it will have the effect of causing a protected person to abandon the exercise of his or her housing rights. Id. Plaintiff has failed to plead such severe and pervasive conduct. Count IV fails to state a cause of action and/or a claim upon which relief may be granted.

9. Count V of the Second Amended Complaint fails to state a claim upon which relief may be granted pursuant to Florida §760.23(3). As with the other counts brought, this Count is devoid of allegations that establish that any prohibited statements were made with regard to the rental of the subject dwelling. The documents attached to the pleading, as well as the pleading's allegations themselves, evidence a consensual sexual relationship between the parties and which had nothing to do with the rental of the subject unit. The owner of the property had the right to evict the Plaintiff from the unit for any reason or no reason at all, and the pleading evidences the fact that the Plaintiff was unable to pay the rent and had failed to do so on a habitual and regular basis almost each and every month. Shelton v. Waldron, No. 3-12-0688 (M.D. Tenn, 2013). As a result, Plaintiff cannot base her claim for housing discrimination on the landlord's notices of an intent to evict her or the filing of a complaint to do so.

WHEREFORE, LUCILLE F. GAINES respectfully requests that this Court enter an Order dismissing the Second Amended Complaint, together with such other and further relief as the Court may deem just and proper in the premises.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 25 2020, I electronically filed the foregoing with the Clerk of the District-Southern Court, Florida by using Florida Courts E-Filing

Fox v. Gaines
Case No.: 19-cv-81620-RLR
Lucille F. Gaines' Motion To Dismiss Second Amended Complaint

system. I also certify that the foregoing document and the notice of electronic filing is being served this day on all counsel of record or po se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel and/or pro se parties who are not authorized to receive electronically, notices of Electronic Filing.

        BROOKMYER, HOCHMAN, PROBST & JONAS, P.A.
        Gardens Plaza, Suite 500
        3300 PGA Boulevard
        Palm Beach Gardens, FL 33410
        Telephone: (561) 624-2110
        Facsimile: (561) 624-2425
        Email: gary@brookmyerlaw.com

        _____
        Gary Brookmyer, Esq.
        Florida Bar No: 306746

## SERVICE LIST

*Counsel for Plaintiff, Rita Fox*

Eneami Bestman, Esq.

Fox v. Gaines
Case No.: 19-cv-81620-RLR
Lucille F. Gaines' Motion To Dismiss Second Amended Complaint

Legal Aid Society of Palm Beach County
423 Fern Street, Suite 200
West Palm Beach, FL 33401
Email: ebestman@legalaidpbc.org

*Counsel for Plaintiff, Rita Fox*

Tequisha Y. Myles, Esq.
Legal Aid Society of Palm Beach County
423 Fern Street, Suite 200
West Palm Beach, FL 33401
Email: tmyles@legalaidpbc.org