MEERA GODBOLE, Plaintiff,
v.
DENNIS RIES ET AL, Defendants.

No. 15 C 5191

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

March 31, 2017

**Magistrate Judge Mary M. Rowland**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Meera Godbole ("Godbole") requests that this Court reconsider its January 19, 2017 ruling granting Defendants' Rule 12(b)(6) Motion to Dismiss Counts III and VI of Godbole's Third Amended Complaint (the "Complaint"). (Dkt. 94). Counts III and VI alleged violations of the Fair Housing Act (FHA) under 42 U.S.C. § 3617 against Defendants Sussex Square Condominium Association, Lieberman Management Services, Inc. and Jane Clifford (collectively, "Defendants"). For the reasons set forth below, Godbole's motion to reconsider is denied.

## I. LEGAL STANDARD

A motion to reconsider is appropriate only in "limited circumstances." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011). "It is well established that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by

Page 2

the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Id.* (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "[A]s a rule courts should be loathe to [revisit their prior decisions] in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S. Ct. 2166, 2178 (1988).

## II. DISCUSSION

This Court dismissed Counts III and VI of the Complaint, without prejudice, and denied the motion to dismiss Counts II and V. (Dkt 94).[1] Counts III and VI were dismissed because the conduct alleged in the Complaint did not rise to the level that is required under 42 U.S.C. § 3617 (hereafter, "Section 3617") and discriminatory intent was not pled against Clifford in





EXHIBIT A

Count VI. Godbole asks this Court to reconsider its decision because, she argues, "new rules" were issued by the United States Department of Housing and Urban Development (HUD) that govern her Section 3617 claims. (Dkt. 102 at 1).[2]

Page 3

Godbole's motion states that the "new rules" were issued "near the end of the briefing schedule on the motion to dismiss." (*Id.*). This is not accurate. The rules were issued *before* Defendants even filed their Motion to Dismiss. Godbole acknowledges that 24 CFR §100.7 and §100.600 were issued on September 14, 2016. (Dkt. 102 at 4; *see also* 81 FR 63054). Defendants filed their Motion to Dismiss on September 30, 2016. (Dkt. 88). Godbole filed her Response on October 17, 2016. (Dkt. 90). Even if the rules were issued "near the end of the briefing schedule," that would be during the pendency of the motion and Godbole offers no explanation for why she did not file a motion for leave to supplement her Response or file a surreply. Because the motion to reconsider is limited to the "narrow reason" that Godbole could not have brought the HUD rules to the attention of the Court before (Dkt. 102 at 1), and Godbole's own motion contradicts this, denial of the motion is warranted.

Godbole also does not identify which "limited circumstance[]" warranting reconsideration applies to her motion. The only plausible interpretation is that her motion argues that a "significant change in the law has occurred." *See Broaddus*, 665 F.3d at 860. Godbole does not explain, however, how HUD's rules significantly changed the state of the law regarding the FHA or Section 3617 claims in particular—the only claims at issue here. The Court is not required to construct

Page 4

arguments for the parties. *See Pine Top Receivables of Ill., LLC v. Banco de Seguros del Estado*, 771 F.3d 980, 987 (7th Cir. 2014).

Rehashing old arguments is not appropriate in a motion to reconsider. *See Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). That is what Godbole attempts to do. Even if her motion provided a proper basis for the Court to reconsider its decision, which it does not, Godbole's arguments would not change the Court's decision. The main reason for the Court's dismissal of Courts III and VI was that Godbole failed to allege conduct rising to the level required under Section 3617. (Dkt. 94 at 8-12). Godbole's citation to 24 CFR §100.7 and 24 CFR §100.600 does not change the conduct or the Court's assessment of that conduct.

Godbole argues that Defendants are liable for each other's conduct and that of Jennifer and Dennis Reis, who were dismissed from this case. (*see* Dkt. 78). 24 CFR §100.7 addresses liability for discriminatory housing practices. But Plaintiff admits that this section is consistent with "traditional agency analysis." (Dkt. 102 at 3). Indeed, HUD stated that in 24



CFR §100.7 it adopted "well-established principles of agency law" and did not "add any new forms of liability...or create obligations that do not otherwise exist." 81 FR 63072, 63068.

*Chicago v. Matchmaker Real Estate Sales Ctr., Inc.*, 982 F.2d 1086 (7th Cir. 1992), cited by Godbole, also does not help her position. That case shows that courts

Page 5

have long recognized that in some circumstances a person may be liable for another's discriminatory conduct, so Godbole's arguments about liability are not based on a new law. Moreover, in *Chicago*, the Seventh Circuit affirmed the decision to hold a real estate company and its sole shareholder vicariously liable for the actions of the company's sales agents because the evidence, including that the agents worked under the shareholder's day-to-day control and supervision, showed an agency relationship between the company and shareholder on one hand and the sales agents on the other. 982 F.2d at 1096-98. Here, the Complaint contains no allegation that Jennifer and Dennis Reis were employees or agents of Defendants, or that Defendants supervised or otherwise had any control over their conduct.

In arguing that Defendants created a "hostile environment" for her, Godbole does not explain how 24 CFR §100.600 constitutes a "significant change in the law." To the contrary, HUD explained that "[b]oth HUD and the courts have long recognized that [the Fair Housing Act] prohibits harassment in housing," that 24 CFR §100.600 amends HUD regulations to formalize definitions of and standards for "quid pro quo harassment" and "hostile environment harassment," and "[t]he rule does not create any new forms of liability under the [FHA]." 81 FR 63054-75.[3]

Page 6

This Court already addressed the conduct that Godbole raises (again): the parking tickets issued by the Association, the Association forbidding her from communicating directly with it, the installation of blue lights. (*See* Dkt. 94 at 8-12). The Court also addressed Godbole's argument that the July 2014 incident involving Jennifer and Dennis Reis was retaliatory because Godbole "had the police called on her, and she was prosecuted." (Dkt. 90 at 8). The Court found that argument unconvincing because the incident involved only Godbole and the Reis family, and the police report attached to the Complaint showed Godbole admitted to making physical contact with Jenny Reis. (Dkt 94 at 9, n. 4). Again, Godbole has not pointed to any allegation in the Complaint showing the Defendants had any control over the Reis' conduct. Godbole again contends that Defendants failed to enforce the Association by-laws, but that is the subject of Counts II and V, which are still alive in this lawsuit.

The conduct alleged in the Complaint does not meet the standard required under Section 3617. Godbole's recharacterizing the allegations and rehashing old arguments do not warrant reconsideration. *See Tokh v. Water Tower Court Home Owners Ass'n*, 327 F. App'x 630, 631



(7th Cir. 2009) (motion for reconsideration that rehashed merits of the case did not demonstrate extraordinary circumstances).

Page 7

### III. CONCLUSION

For the reasons discussed above, Plaintiff Meera Godbole's Motion to Reconsider [102] is DENIED.

Dated: March 31, 2017

ENTER:

/s/
MARY                                     M.                                   ROWLAND
United States Magistrate Judge

--------

Footnotes:

[1] Godbole asserts that "Ms. Clifford should remain a defendant in the instant lawsuit." Count V, brought against Ms. Clifford, survived Defendants' Motion to Dismiss and so Clifford remains a defendant in this lawsuit. (Dkt. 94, Dkt. 65, p.12-14).

[2] Godbole brings her motion under Federal Rule of Civil Procedure 60(b), but Rule 54(b) is the applicable rule because this Court's order granting in part and denying in part the motion to dismiss was interlocutory. *See Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541, 559 (7th Cir. 2016) ("[Rule 60(b)] is by its terms, limited to final judgments or orders and is inapplicable to interlocutory orders.") (internal citations and quotations omitted); *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012) ("Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of judgment."); *see also Geraty v. Vill. of Antioch*, No. 09 C 6992, 2015 U.S. Dist. LEXIS 1785, at *1 (N.D. Ill. Jan. 8, 2015) (district court has inherent authority to reconsider interlocutory orders before final judgment).

[3] Courts have addressed hostile housing environment claims before. *See e.g. Bloch v. Frischholz*, 587 F.3d 771, 779 (7th Cir. 2009) (citing *DiCenso v. Cisneros*, 96 F.3d 1004, 1008 (7th Cir. 1996) ("[W]e recognize a hostile housing environment cause of action [under the FHA]....") and *Chesler v. Conroy*, No. 08 C 2679, 2008 U.S. Dist. LEXIS 80074, at *7-9 (N.D. Ill. Oct. 8, 2008) (dismissing a hostile housing environment claim under the FHA because the allegations showed the hostility stemmed from a personal dispute and not because of plaintiff's status as a handicapped person).

--------

