UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81620-RLR

RITA FOX,

    Plaintiff(s),

v.

DANA JAMES GAINES (Individually)
AND LUCILLE F. GAINES (Individually),

    Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT DANA JAMES GAINES' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND/OR FOR BETTER STATEMENT**

Plaintiff, Rita Fox, by and through the undersigned counsel, hereby files her opposition to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. Plaintiff's Complaint not only meets but exceeds the standards governing the form of a complaint contemplated by Federal Rule of Civil Procedure 8(a), this Court has subject matter jurisdiction in this matter, and the Complaint sufficiently alleges violation of the Fair Housing Act, the Florida Fair Housing Act and damage. Accordingly, Defendant's motion should be denied.

**I.    Plaintiff's Claims are Sufficiently Pled.**

Defendant moves to dismiss the Plaintiff's Complaint for Failure to State a Cause of Action against Defendant Dana James Gaines. In support of his Motion, Defendant argues that the Complaint lacks a factual basis to raise a cause of action against the Defendant to claim a violation of the Fair Housing Act. Federal Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ.

P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); accord *Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15 (1987) (under Federal Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not necessary in a Complaint; instead, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Epos Tech.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendants' Motion would be considered properly filed only "where a plaintiff's complaint is 'unintelligab[le] (sic),' not where a complaint suffers for 'lack of detail.'" *Epos Tech.*, 636 F. Supp. 2d at 63 (citations omitted). The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 512. Indeed, courts have found that if the information sought by the motion is obtainable through discovery, the motion should be denied. *See, e.g., Towers Tenant Ass'n v. Towers Ltd. P'ship*, 563 F. Supp. 566, 569 (D.D.C. 1983) (denying motion for a more definite statement because details such as "dates, times, names and places" are "the central object of discovery, and need not be pleaded"). Here, the Plaintiff's Complaint is not unintelligible or confusing and does not violate Federal Rule of Civil Procedure 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint clearly has more than a sufficient statement of the claim and more than meets the requirement that it be "short and plain." For example, the Complaint

specifically identifies the actions of Defendant Dana James Gaines, and places him on notice that his actions were wrongful and in violation of the Fair Housing Act.

It describes in more than necessary detail the facts that Defendant D. Gaines was the on-site property manager and that he was employed to manage the overall operation and maintenance of the Subject Property, including taking adverse actions against residents. (Compl. D.E. #39 ¶¶ 5,7).

Plaintiff's Complaint states sufficient facts that places Defendant on notice that he violated the Fair Housing Act, 42 U.S.C. § 3617 and the Florida Fair Housing Act, which is the equivalent of the federal fair housing statute, by terminating Plaintiff's lease as a form of retaliation due to Plaintiff ending her sexual relationship. It is well-pled that once Plaintiff ended the quid pro quo relationship Defendant's agent started serving Plaintiff with fraudulent notice for non-payment of rent stating the amount of rent owed as zero dollars. (Compl. D.E. #39 ¶¶ 43-52). The Complaint also charges that Defendant violated FHA 42 U.S.C. Section 3604(b), which prohibits "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, [. . .] because of [. . .] sex [. . . .]" Section 3604(b) also makes it unlawful to discriminate "in the provisions of services or facilities in connection" with a housing transaction. Plaintiff has sufficiently pled facts that Defendant D. Gaines set different conditions and provision of services for Ms. Fox concerning the issue of her tardiness or shortage of rent payments, as long as she was willing in engage in sexual intercourse with the Defendant. (Compl. D.E. #39 ¶¶ 37-38). However, once Ms. Fox terminated the sexual relationship Defendant D. Gaines changed the terms, conditions, provision of services of her rent payment and began serving Ms. Fox with violation notices. (Compl. D.E. #39 ¶¶ 43, 46-48). Plaintiff has sufficiently pled facts that demonstrate that as long as she was engaging in quid pro quo sexual intercourse with Defendant

D. Gaines, she was provided the service of paying partial rent, but once the sexual relationship ceased, the Defendant retaliated against Plaintiff by serving notices of evictions.

Plaintiff asserts in Count III that Defendant violated FHA 42 U.S.C. Section 3604(c), which prohibits anyone from making, printing, or publishing "any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on [. . .] sex [. . . .]"  Section 3604(c) is not limited to discriminatory advertising.  By its terms, it also covers any discriminatory "notice" or "statement" with respect to the sale or rental of a dwelling. *See Mayers v. Ridley*, 465 F.2d 630, 633 (D.C. Cir. 1972).  To establish a claim under section 3604(c), a plaintiff must demonstrate "'(1)that [the] defendant made a statement, (2) that statement was made with respect to the sale or rental of a dwelling, and (3) the statement indicated a preference, a limitation, or discrimination against the plaintiff on the basis of' their protected status." *Cross v. HFLP - Dolphin Beach, LLC*, 15CV2506-MMA (DHB), 2017 WL 2794339, at *8 (S.D. Cal. June 28, 2017). The Plaintiff is not required to show a discriminatory intent, but just "point to a statement that suggests to the 'ordinary' listener or reader a discriminatory preference." *Id*.

Here, Plaintiff has sufficiently pled facts in (Compl. D.E. #39 ¶ 48, 50, 51) wherein despite Ms. Fox tendering half of her rental payment on April 6, 2018, and making an oral agreement with the Defendant to pay the remainder of her rental amount on April 14, 2018, (1) the Defendant served Ms. Fox with notices and made threatening statements to evict Ms. Fox and (2) terminate her rental agreement although she tendered the agreed payment.  Moreover, several days after Ms. Fox tendered the April's rent payment and the April's rent was paid in full, Defendant D. Gaines served Ms. Fox with a fraudulent three-day notice to vacate for failure to pay rent. (Compl. D.E.

#39 ¶ 51). (3) An ordinary listener or reader of this eviction notice for non-payment of rent in the amount of zero dollars would perceive this to convey a discriminatory preference.

## II. This Court has Subject Matter Jurisdiction

Defendant asserts that this Court lacks subject matter jurisdiction over all of the causes of action based on Florida statutes in (Counts IV, V and VI) because the Plaintiff failed "to allege and/or establish compliance the required statutory conciliation process was engaged in by the claimant involving the Florida Commission on Human Relations." Defendant's argument is moot and his assertion is misguided because Plaintiff filed a complaint with the Housing Urban Development (HUD) and engaged in the conciliation process. The Florida Commission on Human Relations collaborates with the Palm Beach County Housing Authority to conduct Fair Housing discrimination investigations within Palm Beach County. See Florida Commission on Human Rights website: https://fchr.myflorida.com/fair-housing. **Palm Beach County Office of Equal Opportunity (OEO), which is a federally recognized equivalent agency under the federal civil rights laws - Title VII (employment discrimination cases) and Title VIII (fair housing cases), is responsible for investigating and resolving complaints of discrimination.** Essentially, OEO is the federally recognized equivalent to HUD; therefore, a claimant is allowed to file a discrimination complaint with either or both agencies.

## III. Conclusion

In short, Plaintiff's Complaint fully complies with the pleading requirements of Federal Rule of Civil Procedure 8(a) and provides Defendants fair notice of the charges against them and the grounds therefor. Discovery and argument will add further detail later. This Court has subject matter jurisdiction over the state law claims. Accordingly, for the reasons set forth herein, the

Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss the Complaint with Prejudice.

## CERTIFICATE OF SERVICE

I, Eneami Bestman, certify that I served a copy of the foregoing Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint to counsel for Defendants via CM/ECF on this 8th day of April 2020 c/o Gary Brookmyer, Esq., Brookmyer, Hochman, Probst & Jonas, P.A., Gardens Plaza, Suite 500, 3300 PGA Blvd., Palm Beach Gardens, FL 33410; gary@brookmyerlaw.com and gbrookmyer_eservice@yahoo.com.

RESPECTFULLY SUBMITTED,

/s/ Eneami Bestman
**ENEAMI BESTMAN, ESQ.**
Florida Bar No. 118571
Email: ebestman@legalaidpbc.org

**TEQUISHA Y. MYLES, ESQ.**
Florida Bar No. 676551
Email: tmyles@legalaidpbc.org
Legal Aid Society of Palm Beach County, Inc.
423 Fern Street, #200
West Palm Beach, FL 33401
Phone: 561-655-8944
Fax: 561-655-5269
