UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81620-CIV-SINGHAL

RITA FOX, an individual,

    Plaintiff,

v.

DANA JAMES GAINES, an individual, and
LUCILLE F. GAINES, an individual,

    Defendants.
_____/

## OPINION AND ORDER

**THIS CAUSE** is before the Court upon Defendants' Motion for Summary Judgment, filed on March 16, 2022 (the "Motion") (DE [93]). Defendants filed an accompanying Statement of Material Facts the same day ("Defendants' SOF") (DE [96]). Plaintiff filed a Response (DE [102]) and an accompanying Statement of Material Facts ("Plaintiff's SOF") (DE [103]) on April 15, 2022. Defendants filed a Reply on April 26, 2022 (DE [110]). The Motion is now ripe for this Court's consideration.

**I.  BACKGROUND**

This is an action proceeding under the Fair Housing Act of 1968, as amended 42 U.S.C. §§ 3601-3631 (FHA) and associated Florida state law. *See* Amend. Compl., at 1 (DE [39]). Plaintiff seeks redress for alleged sexual harassment and discrimination by Defendant Dana Gaines ("Defendant"), which is alleged to have created intolerable living conditions for Plaintiff. *Id.* Plaintiff contends this harassment and discrimination began in August 2014 when Plaintiff moved into the Subject Property. *Id.* However, Plaintiff alleges the discriminatory actions that gave rise to this cause of action occurred between April and May of 2018 when Defendant Dana Gaines served allegedly fraudulent lease

violation notices and notices of termination for failure to pay rent. *Id.* Plaintiff asserts this conduct caused Plaintiff and her daughter emotional and physical harm and deprived her of her right to fair housing. *Id.* Plaintiff seeks declaratory judgment, injunctive relief, and damages for sexual harassment and discrimination in the rental of housing. *Id.* at 1–2.

Following the Eleventh Circuit decision in this case (DE [58]), this Court entered a Post-Remand Order on Motions to Dismiss (DE [65]) in which the Court dismissed some of Plaintiff's claims while allowing others to go forward. The Court allowed the following claims to proceed: (i) violation of 42 U.S.C. § 3617 based on a protected right under 42 U.S.C. § 3604(b), (ii) violation of 42 U.S.C. § 3604(b), (iii) violation of section 760.37, Florida Statutes, based on a protected right under section 760.23(2), Florida Statutes, and (iv) violation of 760.23(2), Florida Statutes. (DE [65], at 10–11). Furthermore, the Court found these claims could also proceed against Defendant Lucille F. Gaines under a theory of vicarious liability. *Id.* at 11.

## II. <u>LEGAL STANDARD</u>

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a));[1] *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" if a reasonable trier of fact, viewing all of the record

---

[1] The 2010 Amendment to Rule 56(a) substituted the phrase "genuine dispute" for the former "'genuine issue' of any material fact."

evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "[W]here the material facts are undisputed and do not support a reasonable inference in favor of the non-movant, summary judgment may properly be granted as a matter of law." *DA Realty Holdings, LLC v. Tenn. Land Consultants*, 631 Fed. Appx. 817, 820 (11th Cir. 2015).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015). "[T]his, however, does not mean that we are constrained to accept all the nonmovant's factual characterizations and legal arguments." *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994).

### III.  DISCUSSION

"When interpreting the FHA, [courts in this Circuit] look to cases interpreting Title VII, which uses language virtually identical to the FHA's." *Fox v. Gaines*, 4 F.4th 1293, 1296 (11th Cir. 2021). Accordingly, this Court will look to cases interpreting Title VII for guidance in determining questions of law under the FHA.

#### A. Causation Standard

"Mixed-motive and single-motive discrimination are different theories of discrimination, as opposed to distinct causes of action. Specifically, they serve as

alternative causation standards for proving discrimination." *Quigg v. Thomas Cty. School Dist.*, 814 F.3d 1227, 1235 n.4 (11th Cir. 2016) (citations omitted). To assert a single-motive claim, or "pretext claim," a plaintiff must show through direct or circumstantial evidence that bias was the true reason for the adverse action. *Id.* at 1235. By contrast, to assert a mixed-motive case, a plaintiff must show the illegal bias was a motivating factor for the adverse action in addition to other legitimate, non-discriminatory factors. *Id.* Critically, "[a] single-motive case is not transformed into a mixed-motive case merely because a[] [defendant] satisfies its burden of proof [by proffering legitimate reasons for the adverse action]." *Stevenson v. City of Sunrise*, 2021 WL 4806722, at *7 (11th Cir. Oct. 15, 2021). *See also Fonte v. Lee Mem'l Health Sys.*, 2021 WL 5368096, at *4 (11th Cir. Nov. 18, 2021) (finding plaintiff could not obtain mixed-motive causation standard where plaintiff did not "submit evidence sufficient to convince a jury that she [received the adverse action] for both legitimate and illegitimate reasons" even though she "alluded to that possibility, stating that there could have been a number of factors . . . that led to her termination.") (internal quotations omitted).

Here, in Plaintiff's Second Amended Complaint, Plaintiff makes no assertions that the adverse action was motivated by any legitimate, non-discriminatory factors in addition to the sexual harassment and discrimination. *See generally*, Second Amend. Compl. (DE [39]). Yet in her Response, Plaintiff argues the mixed-motive standard should apply because Defendants point to legitimate reasons for her eviction. *See* Response, at 7. However, this is the exact argument the Eleventh Circuit rejected in *Stevenson*. To assert a mixed-motive claim, Plaintiff would have needed to plead that the sexual harassment and discrimination was a motivating factor for the adverse action in addition to other legitimate, non-discriminatory factors. Plaintiff made no such assertions in her Second

4

Amended Complaint. *See* Second Amend. Compl. (DE [39]).  And Plaintiff may not secure the benefit of the more favorable mixed-motive causation standard by simply pointing to Defendants' proffered legitimate reasons for the adverse action.  Accordingly, the Court finds that the single-motive causation standard applies to this action.

### B. *McDonnell Douglas* Analysis

The *McDonnell Douglas* framework is the appropriate analytical framework to evaluate single-motive discrimination claims under the FHA. *See Quigg*, 814 F.3d at 1237.  Under this framework, a plaintiff must first prove a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  Second, the defendant must articulate a legitimate, nondiscriminatory reason for the adverse action. *Id.* at 802–03.  Third, the plaintiff has to prove the proffered reason is mere pretext. *Id.* at 804.  "To meet *McDonnell Douglas's* 'pretext' requirement, [a plaintiff] must prove that the 'true reason' for an adverse action was illegal.  In other words, a [plaintiff] can only meet her burden under *McDonnell Douglas* by showing the [defendant's] purported legitimate reasons 'never motivated the [defendant] in its [] decisions . . . .'" *Quigg*, 814 F.3d at 1237–38.  "Thus, if [a plaintiff] cannot rebut [the defendant's] proffered reasons for an adverse action but offers evidence demonstrating that the employer also relied on a forbidden consideration, she will not meet her burden." *Id.* at 1238.  Accordingly, to survive summary judgment, Plaintiff must show there is a genuine issue(s) of material fact (1) whether Plaintiff cannot prove a prima facie case of discrimination, and (2) whether Defendants' purported legitimate reasons did not motivate Defendant in its adverse action against Plaintiff.

### 1. Prima Facie Case of Discrimination

#### a. Quid Pro Quo Harassment Claim

5

Quid pro quo sexual harassment "is actionable under the FHA, provided the plaintiff demonstrates that she would not have been harassed but for her sex." *Fox v. Gaines*, 4 F.4th 1293, 1297 (11th Cir. 2021). Quid pro quo harassment occurs when "the terms and conditions of a rental, including continued occupation, rent, and the provision of repairs, are conditioned upon compliance with the sexual demands of a landlord." *West v. DJ Mortgage, LLC*, 271 F. Supp. 3d 1336, 1359 (N.D. Ga. 2017). "Quid pro quo harassment is understood as an unwelcome request or demand to engage in conduct where submission to the request or demand, either explicitly or implicitly, is made a condition related to, among others, the rental or availability of a dwelling or the terms, conditions, or privileges of the sale or rental. *Noah v. Assor*, 379 F. Supp. 3d 1284, 1290 (S.D. Fla. 2019) (citing 24 C.F.R. § 100.600(a)(1)) (quotations omitted).

Defendants assert that the complained of acts occurred outside the relevant time period and that the complained of conduct was not "sexually harassing." *See* Motion, at 12. Defendants add that Plaintiff was not genuinely willing to remain as a tenant because she defaulted on rent due 4/1/2018 and consistently underpaid rent owed on a month-to-month lease. *Id.* at 13. Moreover, Defendants argue, the landlord had valid reasons to replace Plaintiff as a tenant because she consistently underpaid rent owed and was only renting on a month-to-month basis. *Id.* Finally, Defendants contend that Plaintiff is unable to show the asserted non-discriminatory reasons for Defendant's conduct were mere pretext. *Id.* at 14. According to Defendants, there is nothing Defendant is alleged to have said or done that establishes the actions complained of between April 2018 and May 2018 were done with the intent to discriminate on account of sex. *Id.* at 17. Rather, Defendants argue, the evidence suggests the actions were taken for legitimate non-discriminatory reasons. *Id.* Defendants assert the same outcome would have occurred if Plaintiff were

6

a man and informed Defendant's wife of an affair with Defendant or if Plaintiff failed to meet rent obligations on a consistent basis. *Id.*

Plaintiff responds that the testimony of Plaintiff, Plaintiff's ex-boyfriend Dorsey, and Plaintiff's neighbor Swartz all point to the inference that Defendant demanded sex as a condition to Plaintiff's continued enjoyment of her tenant rights to rent the apartment. *See* Response, at 8. Plaintiff contends this inference is supported by the fact that within days of Plaintiff ending the sexual relationship with Defendant, Defendant began posting lease violation notices on her door and filed an eviction action. *Id.* Defendants reply by asserting there is no evidence sex was a condition of her tenancy. *See* Reply, at 6–7. According to Defendants, Plaintiff and Defendant were in a consensual relationship and Plaintiff was in love with Defendant and wanted Defendant to leave his wife for her. *Id.*

To survive summary judgment, Plaintiff need only show there is a genuine issue of material fact whether the terms and conditions of Plaintiff's rental, including continued occupation, rent, and the provision of repairs, were explicitly or implicitly conditioned upon compliance with the alleged sexual demands by Defendant. Plaintiff supports her position by pointing to deposition testimony from her ex-boyfriend Dorsey, neighbor Swartz, and herself to support the conclusion that sex was a condition to her continued enjoyment of her tenant rights to rent the apartment. Plaintiff contends this conclusion is further supported by the fact that, within days of Plaintiff ending her sexual relationship with Defendant, Defendant began posting lease violation notices and attempted to evict her. The Court finds this is sufficient to raise a genuine issue of material fact whether the terms and conditions of Plaintiff's rental, including continued occupation, rent, and provisions of repairs, were explicitly or implicitly conditioned upon Plaintiff's compliance with

7

Defendant's alleged sexual demands. Accordingly, summary judgment is improper on this issue.

### b. Hostile Housing Environment Claim

Hostile housing environment sexual harassment "is actionable under the FHA, provided the plaintiff demonstrates that she would not have been harassed but for her sex." *Fox*, 4 F.4th at 1297. "[H]ostile environment harassment is understood as unwelcome conduct that is sufficiently severe or pervasive as to interfere with: [t]he availability, sale, rental, or use or enjoyment of a dwelling; [or] the terms, conditions, or privileges of the sale or rental." *Assor*, 379 F. Supp. 3d at 1290 (citing 24 C.F.R. § 100.600(a)(2)). Moreover, it "does not require a change in the economic benefits, terms, or conditions of the dwelling" and "can be written, verbal, or other conduct, and does not require physical contact." *Id.* (citations omitted). "To prove hostile environment harassment, the decision maker must look to the "totality of the circumstances," which includes but is not limited to, "the nature of the conduct, the context in which the incident(s) occurred, the severity, scope, frequency, duration, and location of the conduct, and the relationships of the persons involved." *Id.* (citing 24 C.F.R. § 100.600(a)(2)(i)(A)).

Defendants apply the same arguments used against the quid pro quo harassment claim here. *Supra* section III.B. Plaintiff responds arguing there is sufficient evidence to create a genuine issue of material fact on this claim. *See* Response, at 9. Specifically, Plaintiff argues the power dynamic of the sexual relationship between Defendant and Plaintiff supports a finding of a hostile housing environment. *Id.* Plaintiff explains that Defendant had the power to evict Plaintiff as well as other powers as a landlord. *Id.* And Plaintiff was deeply concerned about avoiding eviction and keeping herself and her child in the apartment. *Id.* Viewed in this context, according to Plaintiff, the sexual relationship

8

between the two was unwelcome to Plaintiff who only engaged in it because she believed she would otherwise risk losing her apartment. *Id.* Defendants reply that Plaintiff has offered no evidence sex was demanded as a condition to housing. *See* Reply, at 7. According to Defendants, any hostility between the parties was due to a failed relationship, disclosure of the affair to Defendant's wife, and abusive conduct by friends of Plaintiff. *Id.*

To survive summary judgment, Plaintiff need only show there is a genuine issue of material fact whether Defendant's behavior and sexual conduct was unwelcome and sufficiently pervasive as to interfere with Plaintiff's use and enjoyment of her apartment. By looking at the totality of the circumstances in this case, including the nature and context of the parties' relationship, it is clear there are genuine issues of material fact whether (i) the Defendant's behavior and sexual conduct was unwelcome, and (ii) whether Defendant's behavior and sexual conduct was sufficiently pervasive as to interfere with Plaintiff's use and enjoyment of her apartment. Plaintiff cites evidence from discovery and deposition testimony to support her position that this relationship was unwelcome and occurred due to the power imbalance between tenant and landlord. Defendant cites evidence from discovery and deposition testimony to support his position that the relationship was consensual and not the product of the power imbalance between tenant and landlord. Therefore, these questions of fact must be determined by a factfinder and are not fit for summary judgment. Accordingly, the Court finds summary judgment is improper on this issue.

      c. Retaliation Claim

The FHA makes it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of [her] having exercised or enjoyed

. . . any right granted or protected by" the FHA. 42 U.S.C. § 3617. "To establish a prima facie case of retaliation, a plaintiff must show that (1) [s]he engaged in a protected activity; (2) the defendant subjected [her] to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Belcher v. Grand Reserve MGM, LLC*, 269 F. Supp. 3d 1219, 1243–44 (M.D. Ala. 2017) (citing *Philippeaux v. Apartment Inv. and Mgmt. Co.*, 598 Fed. Appx. 640, 644 (11th Cir. 2015)).

Defendants apply the same arguments used against the quid pro quo harassment claim here. *Supra* section III.B. Plaintiff responds arguing that the facts indicate Plaintiff engaged in a protected activity when she terminated her sexual relationship with Defendant to enjoy the full rights of a tenant to be free from sexual harassment. *See* Response, at 10–11. Plaintiff contends that Defendant subjected her to adverse action by posting multiple lease violation notices and filing an eviction action against her despite her having paid rent in full. *Id.* at 11. Plaintiff asserts the close temporal proximity (three days) between her exercising the protected activity of terminating the sexual relationship and Defendant's harassing conduct supports a causal link between the protected activity and adverse action. *Id.* Plaintiff contends the allegations recited in this Court's Post-Remand Order have now been proven by sufficient evidence to deny any summary judgment motion:

> The SAC alleges that Ms. Fox ended her four-year sexual relationship with Mr. Gaines on March 30, 2018. Plaintiff's SOF, ¶¶ 8, 10. Three days later, Mr. Gaines sent Ms. Fox a clean-up notice describing several violations on the property. Plaintiff's SOF, ¶ 11 (notice had no basis in fact). Ms. Fox was traveling at the time, and when she returned, she found a three-day notice to vacate posted on her door. Plaintiff's SOF, ¶ 12. Three days after that, Ms. Fox paid her usual amount of rent (less than the full amount) and, because she was no longer performing sexual favors for Mr. Gaines, promised to pay the remainder of rent by April 14, 2018. Plaintiff's SOF, ¶¶ 12, 13, 15. By April 14, Ms. Fox tendered the remainder of the rent to Mr. Gaines (Plaintiff's SOF ¶ 16) but he posted another notice threatening to file an eviction proceeding against her. Plaintiff's SOF, ¶ 19. The same day, Ms. Fox notified Mr. Gaines's wife about their "sexual encounters" and asked her to tell Mr. Gaines to stop

> threatening her and to allow her to pay rent until she found another place to live. Plaintiff's SOF, ¶ 20. On April 22, Mr. Gaines gave Ms. Fox another three-day notice to vacate and surrender possession for failure to pay rent, despite noting that Ms. Fox owed zero dollars. Plaintiff's SOF, ¶ 38-39. Mr. Gaines filed an eviction action in court against Ms. Fox on May 1. Plaintiff's SOF ¶ 39.

Response, at 10; (DE [65], at 5) (altered). Defendant replies by arguing Plaintiff has failed to put forward evidence indicating the conduct complained of would have occurred but-for Plaintiff's sex. *See* Reply, at 7–8.

To survive summary judgment, Plaintiff need only show there is a genuine issue of material fact whether there is a causal link between Plaintiff's termination of the sexual relationship with Defendant and Defendant's subsequent harassing conduct.[2] The undisputed evidence shows a close temporal proximity between Plaintiff's termination of the relationship and Defendant's subsequent harassing conduct—only three days. *See* Plaintiff's SOF ¶¶ 8, 11; Defendant's SOF ¶¶ 8, 11. And as Plaintiff points out, courts have found close temporal proximity sufficient to withstand summary judgment on this issue. *See Martin v. Brevard Cty. Pub. Schs.*, 543 F.3d 1261, 1268 (11th Cir. 2008) (finding "close proximity . . . more than sufficient to create a genuine issue of material fact of causal connection"); *Spakes v. Broward Cty. Sheriff's Off.*, 2007 WL 9653286, at *6 (S.D. Fla. Oct. 31, 2007) (finding period of four days between protected activity and adverse action sufficient to create genuine issue of fact as to causal connection). Accordingly, the Court finds summary judgment is not warranted on this issue.

### d. Interference Claim

"A Section 3617 interference claim requires proof of three elements: (1) that the plaintiff exercised or enjoyed "any right granted or protected by" Sections 3603-3606; (2)

---

[2] The parties do not appear to dispute (i) whether Plaintiff's act of terminating the sexual relationship is protected activity, or (ii) whether Defendant's posting lease violation notices and attempting to evict Plaintiff constitutes adverse action against Plaintiff.

11

that the defendant's conduct constituted interference; and (3) a causal connection existed between the exercise or enjoyment of the right and the defendant's conduct." *Moore v. Camden Property Trust*, 816 Fed. Appx. 324, 335 (11th Cir. 2020) (citing 42 U.S.C. § 3617).

Defendants apply the same arguments used against the quid pro quo harassment claim here. *Supra* section III.B. Plaintiff responds arguing that Plaintiff exercised rights protected under the FHA to be free from sexual harassment by ending her sexual relationship with Defendant and complaining about his continued pursuit of her to his wife. *See* Response, at 12. Plaintiff argues that Defendant's subsequent harassing behavior— posting lease violation notices and filing an eviction action despite all rent being paid— constitutes interference under section 3617. *Id.* Finally, Plaintiff asserts, the temporal connection of only a few days between the protected activity and interference supports the causal connection element. *Id.* Defendant replies by arguing that Plaintiff had no right to complain to Defendant's wife about Defendant's alleged continued pursuit of her. *See* Reply, at 8. First, even assuming this is true, Plaintiff nevertheless was entitled to terminate the sexual relationship with Defendant and be free from sexual harassment, meeting the first element. Second, there is no question that Defendant's posting lease violation notices and attempting to evict Plaintiff constituted interference, meeting the second element. Third, for the same reasons stated *supra* section III.D, the close temporal proximity between Plaintiff exercising a protected right and Defendant's subsequent interference is more than sufficient to raise a genuine issue of fact as to the causal connection element. Accordingly, summary judgment is not proper on this issue.

2. Legitimate Reasons or Pretext

Defendant Dana Gaines asserts several purported legitimate, non-discriminatory reasons for his adverse action against Plaintiff. First, Defendant contends that, after Plaintiff informed his wife of their affair, it became untenable for Plaintiff to continue living in the apartment complex because his wife was upset about the affair and did not want Plaintiff to remain near her husband. *See* Motion, at 10. Plaintiff responds that Defendant's wife knew about the affair about a year before Plaintiff told her about it. *See* Response, at 13. Additionally, Plaintiff adds, the wife testified in her deposition that the affair did not threaten her marriage. *Id.* Based upon these dueling factual positions, the Court finds there is a genuine issue of material fact whether Defendant's wife's reaction to the affair is a legitimate, non-discriminatory reason for Defendant's adverse action against Plaintiff.

Second, Defendant contends that Plaintiff's repeated failure to timely pay rent served as a legitimate reason for the adverse treatment. *See* Motion, at 13. Plaintiff responds arguing this contention is refuted by documentary evidence and deposition testimony. *See* Response, at 14. Specifically, according to Plaintiff, rent was allowed to be paid in partial payments and this policy extended to all tenants. *Id.*; Plaintiff's SOF ¶ 18. Moreover, Plaintiff adds, the notice Plaintiff received of non-payment of rent when no rent balance was owed, and the eviction complaint that falsely implied rent was unpaid, all support the finding that this reason is pure pretext. *See* Response, at 14. Plaintiff argues that this finding is further supported from the temporal context in which all of this occurred—mere days after she ended her sexual relationship with Defendant. *Id.* at 15. Based on this cited documentary evidence and deposition testimony, the Court finds there are genuine issues of material fact whether Plaintiff's repeated failure to timely pay rent was a legitimate, non-discriminatory reason for Defendant's adverse action against her.

Third, Defendant alleges that Plaintiff's ex-boyfriend Larry Dorsey's racist rants against Dana made at the complex contributed to Defendant's desire that Plaintiff not live there and thus served as a legitimate reason for the adverse action. *See* Motion, at 10. Plaintiff responds that this single incident occurred after Dorsey had moved out of the complex (and was no longer living there) at least a few months before Defendant attempted to evict Plaintiff. *See* Response, at 14. Plaintiff adds that Dorsey came to the apartment because Plaintiff had told him of Defendant's sexual harassment of her. *Id.* Thus, according to Plaintiff, raising this incident as a non-discriminatory reason for eviction is pretext because Dorsey's actions cannot be attributed to Plaintiff. *Id.* at 15. Moreover, Plaintiff adds, Dorsey's actions occurred because of Defendant's harassment of Plaintiff and thus cannot serve as a legitimate, non-discriminatory reason for adverse treatment. *Id.* Again, the Court finds this question of fact to be hotly disputed by the parties who each cite persuasive evidence for their factual arguments. This issue must be determined by a factfinder, not this Court at the summary judgment stage. Accordingly, the Court finds there are genuine issues of material fact whether Dorsey's racist rant formed a legitimate, non-discriminatory reason for Defendant's adverse action against Plaintiff.

For the reasons discussed above, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment (DE [93]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 31st day of May 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF